**Charlottesville**

CHARLES ALEXANDER, IV

v.

WENDY C. ALEXANDER (BATCHER)

No. 0581-90-2

Decided July 1, 1991

COUNSEL

Bruce C. Phillips (John K. Taggart, III; Tremblay & Smith, on brief), for appellant.

C. Ridgeway Schuyler, III (Rae H. Ely & Associates, on brief), for appellee.

OPINION

**BARROW, J.**—This domestic relations appeal concerns an award of child support. The trial court reduced the amount the father was required to pay the mother pursuant to a consent decree the parties had agreed to even though the father was the primary custodian of the children. We hold that the trial court erred in entering this award because it failed to first determine the presumptive amount provided for in the statutory child support guidelines and also failed to make written findings of the reason for deviating from that presumptive amount.

We also conclude that the trial court did not err in declining to hold the father in contempt for failure to pay past due child support and did not err in refusing to award the mother attorney's fees. We conclude that both of these actions were within the trial court's discretion.

On March 21, 1985, the parties executed a separation agreement. In the agreement, both parties waived all rights to spousal support. The parties also agreed to maintain joint custody of their three children, with the husband paying child support in the amount of $220 per month per child. The husband agreed to allow the wife and the children to continue living in the marital residence, with the husband responsible for the mortgage payments and maintenance costs associated with the residence. If the wife moved from the marital residence, the husband agreed to pay an additional $500 per month to cover rent at another residence. The "housing cost" obligation was to continue only "as long as the children continue to reside with [the wife]." In the event that the children lived an equal amount of time with each parent, the husband's child support obligation was to decrease by a total of $162 per month.

On September 4, 1985, the parties entered into a consent decree in which the court found that "a change in circumstances regarding custody and visitation of the infant children necessitated" a modification of the custody arrangement. Based on the evidence presented by a court-appointed psychologist, the recommendations of the guardian *ad litem*, and the concessions of the wife that her relationship with the children was damaged and that she needed counseling and medical treatment to repair that relationship, the following alterations in the custody arrangement were made: (1)

the husband was appointed the primary residential custodian of the children; (2) the wife was given two days visitation with the children every fourteen days; and (3) the husband was ordered to pay $1,000 a month to the wife in child support.

The consent order stated that these modifications "in no way in and of themselves affect the validity of the other terms in [the separation] agreement such as waiver of spousal support, division of property, etc." On May 2, 1986, the trial court entered a final decree of divorce which incorporated the separation agreement as modified by the consent decree.

In 1987, the wife moved to Florida where she remarried in November of that year. On April 17, 1989, the wife petitioned the trial court for an alteration in the visitation schedule due to a change of circumstances, i.e., her move to Florida. She requested that her visitation time change to an extended stay in the summer and alternating major holidays. The wife also filed a motion to show cause based in part on the husband's alleged failure to pay the full $1,000 each month in child support. In this motion, the wife requested that the husband be held in contempt and be required to pay the wife's attorney fees.

The husband answered the wife's motions and filed his own motions asking for sole custody of the children, termination of his child support obligation, child support from the wife, and an accounting for child support payments made to the wife in the previous four years.

The wife testified that she now earns $15,000 annually as a nurse in Florida. As of March 21, 1985, the wife had been earning $200 per week working for the husband's business, a job which terminated sometime before September 4, 1985. Further, the eldest son, John, has obtained the age of majority. The husband testified that he is spending $15,000 per year for John's education. The husband also testified that he earns approximately $5,200 a month.

In its ruling from the bench, the trial court found that "as a practical matter" it was necessary to give the husband sole custody of the children, reserving reasonable visitation rights to the mother. Although recognizing that "[i]t is strange indeed that child support is awarded to a non-custodial parent," the trial court

nonetheless refused to apply the statutory child support guidelines because "here we have an agreement of the parties which actually takes over from the statutory guidelines . . . ." However, the trial court found a material change of circumstances and ordered the husband's child support obligation to be decreased by one-third to $666.66 a month. Finally, the trial court stated that he found no willful violation on part of the husband to justify a finding of contempt. These findings were incorporated into a decree entered on March 14, 1990. In the decree, the court denied the wife's motion for attorney's fees.

## I.  CHILD SUPPORT

In any proceeding on the issue of determining child support, there exists a rebuttable presumption that the amount of the award as determined by the application of the statutory child support guidelines is the correct amount. Code § 20-108.2. In any such proceeding, therefore, a trial court must first determine the presumptive amount of child support before considering any other factors. Code § 20-108.2; *Richardson v. Richardson*, 12 Va. App. 18, 19, 401 S.E.2d 894, 895 (1991).

A trial court has authority to incorporate a separation agreement in its decree. Code § 20-109.1. This incorporation may include a provision for child support. *Id.* However, "a contract between a husband and wife cannot prevent the court from exercising" its power to modify child support awards. *Featherstone v. Brooks*, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979); *see also Mayhood v. Mayhood*, 4 Va. App. 365, 369, 358 S.E.2d 182, 184 (1987).

Therefore, if the amount of child support is in dispute, in spite of a prior agreement, the trial court must address "the issue of determining child support." Code § 20-108.1. Consequently, it must do so in accord with Code §§ 20-108.1 and 20-108.2 and must, therefore, first determine the presumptive amount of child support in accordance with Code § 20-108.2.

Once the presumptive amount is determined, the trial court may deviate from the presumptive amount if such deviation is justified by factors recognized in Code §§ 20-108.1 and 20-107.2. These factors may be reflected in provisions in the separation agreement which may, therefore, be the basis for deviating from

the guidelines. *Richardson*, 12 Va. App. at 21, 401 S.E. at 896.

In this case, the trial court did not determine a presumptive amount before making its award and did not make written findings explaining its reasons for deviating from that amount. Therefore, the trial court's award was in error. Upon remand, the trial court may consider those factors statutorily recognized as appropriate considerations for varying from the presumptive amount, including those incorporated in or underlying the agreement entered into between the parties. For example, in this ·case, the change in circumstances now requiring the mother or the children to travel long distances in order to maintain their relationship are "[a]rrangements regarding custody of the children" which may be considered in deviating from the statutory presumption. Code § 20-108.1(B)(2).

## II.   CONTEMPT AND ATTORNEY'S FEES

The mother contends that the trial court erred in failing to find the father in contempt for failing to pay past due child support. A trial court "has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order." *Carswell v. Masterson*, 224 Va. 329, 332, 295 S.E.2d 899, 901 (1982). In a show cause hearing, the moving party need only prove that the offending party failed to comply with an order of the trial court. *Frazier v. Commonwealth*, 3 Va. App. 84, 87, 348 S.E.2d 405, 407 (1986). The offending party then has the burden of proving justification for his or her failure to comply. *Id.*

At the hearing on October 30, 1989, the wife testified that the husband last sent her a full child support payment ($1,000) in January, 1989 and has paid no child support since May, 1989. The husband testified that since September, 1985, he has been the sole supporter of the children, having paid for all of their needs. The husband further testified that, from the time the wife filed the show cause motion and at the instruction of his attorney, he paid all of the child support payments into an escrow account controlled by his attorney. The trial court found that "the necessary willful failure . . . to justify a finding of contempt" did not exist.

The trial court's finding that the husband did not willfully violate the order is not plainly wrong and is not without evidence to support it. *See* Code § 8.01-680. Therefore, the trial court did not

err in declining to hold the husband in contempt.

■ The wife also argues that the trial court erred in refusing to award her attorney's fees for prosecuting the contempt proceeding and defending claims asserted by the husband in bad faith. The only question on review is whether the trial court abused its discretion in refusing to award attorney's fees to the wife. *Graves v. Graves*, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). Even if the wife had been successful in her prosecution of the contempt proceeding, the trial court's power to award attorney's fees is discretionary. *See Carswell*, 224 Va. at 332, 295 S.E.2d at 901. We find nothing in this record to indicate that the trial court abused its discretion in refusing to award the mother attorney's fees.

For these reasons, the award of child support is reversed and remanded to the trial court for further proceedings. The remainder of the trial court's decree is affirmed.

*Reversed in part,*
*affirmed in part,*
*and remanded.*

Cole, J.,* and Willis, J., concurred.

---

* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.