COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Annunziata
Argued at Richmond, Virginia


WENDY COLLINS (ALEXANDER)

v.          Record No. 0168-95-2      MEMORANDUM OPINION[*] BY
                                    JUDGE ROSEMARIE ANNUNZIATA
CHARLES ALEXANDER, IV                    OCTOBER 24, 1995


            FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                      Paul M. Peatross, Judge


        Joan C. McKenna (Rae H. Ely; Rae H. Ely and
    Associates, on briefs), for appellant.

        John K. Taggart, III (Patricia D. McGraw;
    Tremblay & Smith, on brief), for appellee.



    This matter arises as a result of this Court's reversal and

remand in the case of Alexander v. Alexander, 12 Va. App. 691,

406 S.E.2d 666 (1991).  The original case was initiated by Wendy

Collins (Alexander) (mother) who, in April 1989, filed a Motion

to Show Cause for Failure to Pay Child Support as ordered in the

final decree of divorce entered on May 2, 1986.  Charles

Alexander, IV (father) in turn filed a Motion to Terminate

Support.  On remand for further proceedings on the issue of child

support, the trial court was to determine the presumptive amount

of support and enter written findings explaining any deviation

made from the guidelines amount.  Accordingly, a hearing ore

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

- 1 -

tenus on the issue of the 1989 child support obligation was held in August 1994. By final order entered on September 12, 1994, the court modified support, retroactive to July 1, 1989. Under that order, neither party was obligated to pay child support to the other. The mother subsequently filed a Motion to Rehear alleging that the father had fraudulently misrepresented his income for 1989; the motion was denied. Finding no error in the proceedings, the trial court's decision as reflected in its order of September 12, 1994 is affirmed.

The mother contends that the trial court erred in ordering a modification of support retroactive to July 1, 1989. This claim is without merit. The effect of this Court's reversal and remand was to restore the parties to their original position. Nassif v. The Board of Supervisors, 231 Va. 472, 480, 345 S.E.2d 520, 525 (1986). Under Code § 20-108, support "may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party." "[W]hether to make modification of a support order effective during a period when a petition is pending is entirely within the discretion of the trial court." O'Brien v. Rose, 14 Va. App. 960, 965, 420 S.E.2d 246, 249 (1992).

The record reveals that the husband filed his motion to terminate child support on June 6, 1989 and served a copy on the mother. She was provided with notice of the father's motion to

terminate support as of July 1, 1989.  Thus, the trial court did not abuse its discretion in deciding to terminate support as of the filing date of the father's petition.  Id.

Moreover, the termination of support retroactive to July 1, 1989 is not barred by the doctrine of laches as the mother asserts.  "'Laches is such neglect or omission to do what one should do as warrants the presumption that he has abandoned his claim, and declines to assert his right.'"  Pittman v. Pittman, 208 Va. 476, 479, 158 S.E.2d 746, 749 (1968) (citation omitted).  The father was under no obligation to reinstate the case on remand within a specified time period.  Indeed, either party could have initiated the proceeding.  Furthermore, the evidence fails to show any material change which would justify the application of the doctrine.  See Pretlow v. Pretlow, 177 Va. 535, 552, 14 S.E.2d 381, 387 (1941).

The mother further assigns as grounds for reversal the father's failure to produce evidence of his 1989 income to support the trial court's determination of the presumptive amount of support.  She contends that the court therefore erred in denying her motion to strike and in entering an order terminating support.  There is no merit in either position.  It is clear that the father produced evidence at both the October 1989 and August 1994 hearings that his 1989 income was approximately $5,200 a month.

The mother next contends that the father's evidence of

income was fraudulent and that the trial court erred in refusing to conduct an additional hearing based on these allegations. "After a court has concluded an evidentiary hearing 'during which each party had ample opportunity to present evidence, it [is] within the court's discretion to refuse to take further evidence on this subject.' In order to demonstrate an entitlement to a rehearing, a petitioner must show either an 'error on the face of the record, or . . . some legal excuse for his failure to present his full defense at or before the time of entry of the decree.'" Holmes v. Holmes, 7 Va. App. 472, 480, 375 S.E.2d 387, 392 (1988) (citations omitted). Moreover, fraud must be established "'not by doubtful and inconclusive evidence, but clearly and conclusively.'" Aviles v. Aviles, 14 Va. App. 360, 366, 416 S.E.2d 716, 719 (1992) (citation omitted).

The record discloses that, while counsel for mother alleged surprise at father's testimony concerning his income, she cross-examined him using the 1989 income tax returns which she had in her possession. When the father hesitated to verify one of the unsigned tax returns, counsel failed to produce her copy of the certification of authenticity signed by father's accountant in response. Counsel also subpoenaed the father's accountant as a witness for the August 1994 hearing, presumably to testify to the father's income, but then released him without calling him. On these facts, we cannot find that the trial court abused its discretion in refusing to conduct the requested

hearing.

The mother's last contention that the trial court failed to justify its decision to deviate from the child support guidelines and erroneously refused to enforce the parties' agreement as incorporated into the divorce decree is likewise not supported in the record.

It is well established that while parties may contract to provide child support in a manner other than that provided by the statutory guidelines, the trial court must determine "whether the agreed provisions for the child would better serve the interest or 'equities' for the parents and children."  Watkinson v. Henley, 13 Va. App. 151, 158, 409 S.E.2d 470, 474 (1991).  A court cannot be precluded by the parents' agreement from exercising its power to decree child support.  Kelley v. Kelley, 248 Va. 295, 298, 440 S.E.2d 55, 56 (1994).

It is also clear that because "there exists a rebuttable presumption that the amount of the award as determined by the application of the statutory child support guidelines is the correct amount . . . [i]n [a] . . . proceeding [to determine child support] . . . a trial court must first determine the presumptive amount of child support before considering any other factors."  Alexander v. Alexander, 12 Va. App. 691, 695, 406 S.E.2d 666, 667 (1991).

> Whenever a child support award varies from the guidelines, Code § 20-108.2(A) requires the trial court to make written findings of fact "as determined by relevant evidence pertaining to the factors set out in

§§ 20-107.2 and 20-108.1" explaining why one or more of these factors would make it "unjust or inappropriate" to apply the guidelines to the case.

Richardson v. Richardson, 12 Va. App. 18, 21-22, 401 S.E.2d 894, 896 (1991).

In accordance with these mandates and based upon the parties' 1989 income, the trial court determined that the mother was obligated under the guidelines to pay the father $242.83 a month in child support. The trial court found it appropriate to deviate from the guidelines and gave specific reasons for its decision. He found that under the agreement the father paid mother $1,000 a month as support so that she could maintain housing and visit the children. However, the court also found that the mother did not use the support for those purposes. The court further found that, while the guidelines required the mother to pay child support to the father for the last remaining infant daughter, a deviation was justified to provide the mother with funds to be used in her attempt to repair the relationship with that child. The trial court is not required by law to simply adopt the parties' agreement to provide child support; such an agreement is but one factor, among many, for the court to consider in making its award. See Richardson, 12 Va. App. at 20, 401 S.E.2d at 895.

As the justification for deviating from the guidelines and child support amount is clearly set forth in the trial court's ruling, the statutory requirements of Code § 20-108.1(B) were

satisfied.

In accordance with the reasons set forth by this Court, the decision of the trial court is affirmed.

Affirmed.