COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Elder and Fitzpatrick

MITCHELL DUANE NORMAN

MEMORANDUM OPINION[*]
v.          Record No. 1044-96-1          PER CURIAM
                                          JANUARY 7, 1997
AMELIA LOUISE PAIR NORMAN

FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
Westbrook J. Parker, Judge

(Mitchell D. Norman, pro se, on briefs).

(H. K. Reveley, Jr., on brief), for appellee.


Mitchell Duane Norman (father) appeals the decision of the circuit court modifying the amount of child support paid to Amelia Louise Pair Norman (mother) and deciding other issues. Father contends that the trial court erred by: (1) including the child's private school tuition as child care; (2) failing to uphold the terms of the parties' property settlement agreement; and (3) applying incorrect wage and medical insurance costs. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

### Issues (1) and (3)

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." Rule

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

5A:18. The Court of Appeals will not consider an argument on appeal which was not presented to the trial court. <u>Jacques v. Commonwealth</u>, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).

The order from which appellant appeals was entered April 2, 1996 <u>nunc</u> <u>pro</u> <u>tunc</u> November 21, 1995. Appellant endorsed the decree "Seen and Objected to." Neither the decree nor the written statement of facts filed in this matter indicate that husband raised the arguments which form the basis of his appeal of the court's child support ruling. "We cannot assume that appellant's objection and reasons were proffered but not made a part of the record. Rule 5A:8 requires appellant to present a complete transcript for this Court to consider his or her issues on appeal." <u>Lee v. Lee</u>, 12 Va. App. 512, 516, 404 S.E.2d 736, 738 (1991) (reh'g <u>en</u> <u>banc</u>).

Accordingly, Rule 5A:18 bars appellate consideration of husband's challenges to the child support ruling. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

<u>Issue (2)</u>

Father alleged that mother violated the court's property settlement decree because she failed to return father's family Bible or to share the children's baby books and photographs. Father moved to hold mother in contempt. This issue was preserved for appeal. Code § 8.01-384.

"A trial court 'has the authority to hold [an] offending

2

party in contempt for acting in bad faith or for willful disobedience of its order.'" Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (citation omitted). Whether to grant a motion for contempt is a matter left to the discretion of the trial court which will not be reversed on appeal in the absence of an abuse of that discretion. See Wells v. Wells, 12 Va. App. 31, 36, 401 S.E.2d 891, 894 (1991).

As the party seeking reversal on appeal, father bore the burden to establish by the record proof that the court abused its discretion when it refused to hold mother in contempt. The record indicates that mother returned the Bible and one baby book to father. Furthermore, the statement of facts contains no rationale for the court's ruling on the motion. Under the circumstances, we cannot say that the record demonstrates that the court abused its discretion by denying father's motion.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.