COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

JEANNE C. THEISMANN

v.   Record No. 0790-96-4

JOSEPH R. THEISMANN

MEMORANDUM OPINION[*]
PER CURIAM
MARCH 4, 1997

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge

(Mark A. Barondess; Erika B. Schiller;
Sandground, Barondess, West & New, on
briefs), for appellant.

(Michael A. Ward; Gannon, Cottrell & Ward, on
brief), for appellee.

Jeanne C. Theismann (wife) appeals the decision of the circuit court awarding attorney's fees and costs to Joseph R. Theismann (husband).  Wife contends the award was unreasonable, unnecessary, and an abuse of discretion.  Husband contends that the trial court erred in failing to use replacement value in determining the amount of the award.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

"A trial court 'has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order.'"  Alexander v. Alexander, 12 Va. App.

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

691, 696, 406 S.E.2d 666, 669 (1991) (citation omitted). "It is within the discretion of the trial court to include, as an element of damages assessed against the defendant found guilty of civil contempt, the attorneys' fees incurred in the investigation and prosecution of the contempt proceedings." Arvin, Inc. v. Sony Corp. of America, 215 Va. 704, 706, 213 S.E.2d 753, 755 (1975) (citation omitted).

Under the terms of the parties' final decree of divorce, marked items on an attached exhibit were to "be transferred to [husband]." The artwork at issue, a painting by Red Skelton, was so marked. The decree also specifically stated that the "Red Skelton painting shall be transferred to [husband]." The painting was last seen in wife's possession at the parties' marital residence. Wife failed to transfer the painting, and it was subsequently lost.

Wife did not justify her failure to return the artwork to husband to the satisfaction of the trial court. See Alexander, 12 Va. App. at 696, 406 S.E.2d at 669. In its September 7, 1995 letter opinion, the trial court found wife in contempt for her failure to comply with its previous order directing her to transfer the painting to husband.

For purposes of equitable distribution, the parties had valued the painting at $3,500. The trial court allowed the parties to present additional evidence as to the artwork's value for purposes of determining the damages caused by wife's failure

2

to abide by the decree. "The conduct of a trial is committed to the sound discretion of the trial court." Cunningham v. Commonwealth, 2 Va. App. 358, 365, 344 S.E.2d 389, 393 (1986). We cannot say that the trial judge's decision to exercise his equitable authority and allow the parties an opportunity to present evidence as to the painting's value was an abuse of discretion.

According to the parties' experts, the painting was worth between $3,500 to $45,000. The trial court noted that the parties purchased the painting for $13,750 in 1992 and that at one time it was offered for sale for $27,500. While husband's expert testified that the replacement value was $45,000, we find no error in the court's refusal to accept that value, the underpinnings of which were demonstrably suspect. "[T]he finder of fact is not required to accept as conclusive the opinion of an expert." Godley v. Commonwealth, 2 Va. App. 249, 251, 343 S.E.2d 368, 370 (1986). While the court did not assign a specific value to the painting, it is clear from the court's total award that the court estimated its worth at approximately $5,000. That figure was well within the range of values supported by the credible evidence before the court.

Husband presented evidence that he incurred $5,600 in costs and $6,144.50 in attorney's fees in connection with the contempt hearing. The court found that "the fees of the expert and of [husband's counsel] are reasonable and are directly related to

3

[wife's] contempt."

We find no abuse of discretion in the court's award to husband of damages, costs, and attorney's fees resulting from wife's failure to abide by the court's order. Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>