COURT OF APPEALS OF VIRGINIA


Present:  Judge Humphreys, Senior Judges Hodges and Overton
Argued at Chesapeake, Virginia


REBECCA ELGIN, F/K/A
 REBECCA ELGIN KRONER
                                    MEMORANDUM OPINION* BY
v.    Record No. 2472-99-1          JUDGE WILLIAM H. HODGES
                                         JUNE 13, 2000
DAVID ROBERT KRONER


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                      Christopher W. Hutton, Judge

            Donald K. Butler (Mary Beth Joachim; Morano,
            Colan & Butler, on briefs), for appellant.

            Charles E. Haden (Stuart A. Saunders, on
            brief), for appellee.


     Rebecca Elgin appeals from an order of the Circuit Court of

the City of Hampton (trial court) that denied her request for an

award of attorney's fees and costs.  Elgin contends the trial

court erred by failing to abide by a provision in the parties'

property settlement agreement that provided for the payment of

attorney's fees and costs by the defaulting party to the enforcing

party.  She also seeks an award of attorney's fees and costs

incurred in pursuing this appeal.  We reverse the ruling of the

trial court and remand this matter for further proceedings.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

<u>Background</u>

Elgin and Dr. David Kroner married on August 14, 1971. They subsequently separated, and a May 24, 1995 separation and property settlement agreement (Agreement) was "ratified, confirmed, and incorporated" into their June 11, 1995 divorce decree. Paragraph 12 of the Agreement provided as follows:

> It is understood and agreed between the parties hereto that each party shall be entitled to have this Agreement enforced as a binding contract between the parties . . . either before or after the entry of any decree of divorce . . . and any costs, including reasonable attorney's fees, incurred in enforcing this Agreement shall be paid by the defaulting party.

Paragraph 8 of the Agreement required Dr. Kroner to maintain a life insurance policy on himself in an amount no less than $100,000. The Agreement provided that the insurance proceeds would be payable to Dr. Kroner's brother as trustee for Elgin and the parties' two children.

Dr. Kroner obtained a $400,000 life insurance policy, but named his current wife as the sole beneficiary. He amended his will to provide that $100,000 from his estate would be payable to his brother in trust for Elgin and the parties' children. He testified that, at all times pertinent, had he died his estate would have been large enough to pay $100,000 into the trust.

In the summer of 1998, Elgin contacted Dr. Kroner seeking assurances that he was complying with Paragraph 8. Dr. Kroner did not provide Elgin with the assurances she sought, and Elgin

-

retained counsel to pursue the matter.  On June 15, 1999, Elgin filed a show cause petition asserting Dr. Kroner's non-compliance with Paragraph 8 of the Agreement.

Dr. Kroner subsequently amended his insurance policy, making his brother a beneficiary-in-trust of twenty-five percent of the $400,000 policy.  The policy named the parties' children, but not Elgin, as the beneficiaries of the insurance trust.  On July 12, 1999, Dr. Kroner amended the policy again, this time adding Elgin as a beneficiary of the insurance trust.  Dr. Kroner conceded that he had not been in compliance with Paragraph 8 of the Agreement. But he claimed that, until June 1999, he believed that he was complying with the Agreement.

With the insurance issue resolved by the July 12 amendment, the only matter of contention addressed at the September 1, 1999 hearing was Elgin's entitlement to attorney's fees and costs.  The trial court denied Elgin's request for fees and costs, holding that Dr. Kroner was "not in contempt for his failure to comply with the Agreement and Court Order."

Elgin contends the fact that Dr. Kroner was found not to be in contempt of court was immaterial.  He conceded that he had not complied with the Agreement; therefore, he was liable for Elgin's reasonable attorney's fees and costs incurred in enforcing the Agreement.  Dr. Kroner responds that whether to award attorney's fees and costs was a matter within the discretion of the trial court.  And given the fact that he made a good faith effort to

-

comply with the Agreement, the court did not abuse its discretion in denying Elgin's request for attorney's fees and costs. Moreover, the trial court did not find that he was in default, so he was not required under the Agreement to pay Elgin's attorney's fees or costs.

## Analysis

Code § 20-109.1 permits a circuit court to incorporate into a decree of divorce any valid agreement executed by the parties pertaining to the maintenance of the parties and their minor children. "Where the court affirms, ratifies and incorporates by reference in its decree such agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree." Code § 20-109.1.

"When a judgment is based upon the construction or interpretation of a contract, an appellate court is not bound by the trial court's construction of the contract's provisions. An appellate court is equally able to construe the meaning of the provisions of an unambiguous contract." Nicholson v. Nicholson, 21 Va. App. 231, 239, 463 S.E.2d 334, 338 (1995) (citation omitted).

Generally, whether a defaulting party should be required to pay the attorney's fees and costs of the party seeking to enforce the terms of an incorporated property settlement agreement is left to the discretion of the circuit court. See Alexander v.

-

<u>Alexander</u>, 12 Va. App. 691, 697, 406 S.E.2d 666, 669 (1991). But where the parties' separation agreement expressly provides for an award of attorney's fees to a party who incurs expenses and costs to enforce a default, the court must enforce the terms of the agreement and enter an award in favor of the enforcing party, consistent with the terms of the agreement. See <u>Sanford v. Sanford</u>, 19 Va. App. 241, 249, 450 S.E.2d 185, 190 (1994).

Paragraph 8 of the Agreement expressly required Dr. Kroner to maintain $100,000 of life insurance coverage, with his brother as beneficiary and trustee of the proceeds for Elgin and the parties' children. Dr. Kroner admittedly failed to comply with this provision until July 1999, well after he was requested to do so by Elgin.[1] While the trial court concluded that Dr. Kroner was not in contempt of court, this conclusion does not equate to a finding that he had not been in default. Indeed, the court's order reflected that Dr. Kroner had not complied with the Agreement. Dr. Kroner's assertion, therefore, that the trial court did not find him in default is without merit.

The Agreement unambiguously requires the defaulting party to pay the reasonable attorney's fees and costs of the party

---

[1] While Dr. Kroner amended his will to make his brother a devisee-in-trust of $100,000, this bequest, unlike naming the brother as a beneficiary-in-trust on the life insurance policy, did not protect Elgin and the children from potential creditors of the estate. See Code § 38.2-3122 (with certain exceptions, exempting life insurance proceeds from the claims of the insured's creditors); N.H. Rev. Stat. Ann. § 408:2 (1998).

-

required to enforce its terms. The Agreement does not make recovery conditional on the defaulting party acting in bad faith or being held in contempt of court. Dr. Kroner conceded that he was not in compliance with Paragraph 8, and, as a result of this default, Elgin incurred legal fees to enforce the Agreement. Thus, the court erred by refusing to enter an award of reasonable attorney's fees and costs. Moreover, because Elgin has prevailed on appeal, pursuant to the Agreement, Dr. Kroner is obligated to pay her attorney's fees and costs expended on appeal to enforce the Agreement. See Sanford, 19 Va. App. at 249, 450 S.E.2d at 190.

Accordingly, the matter is remanded to the trial court for a determination and award of attorney's fees and costs due Elgin, including an amount for her fees and costs incurred on appeal to this Court.

Reversed and remanded.

-