COURT OF APPEALS OF VIRGINIA

Present: Judge Annunziata, Senior Judges Duff and Hodges
Argued at Alexandria, Virginia

MARY LOUISE O'BRIEN

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2421-99-4          JUDGE CHARLES H. DUFF
                                       DECEMBER 12, 2000
ROBERT JOHN RIGGINS


           FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Kathleen H. MacKay, Judge

          Elizabeth D. Teare (Surovell, Jackson,
          Colten & Dugan, P.C., on briefs), for
          appellant.

          Jerry M. Phillips (Phillips, Beckwith, Hall &
          Chase, on brief), for appellee.


     Mary Louise O'Brien appeals the decision of the circuit court
finding her in civil contempt for relocating to Kansas with the
parties' children.  O'Brien contends that the trial court erred in
finding (1) her guilty of civil contempt; and (2) that it had the
authority to order her to pay prospective transportation costs for
the visitation of the parties' children to their father, Robert
John Riggins.  For the reasons stated below, we find that the
trial court abused its discretion in finding O'Brien guilty of
civil contempt.

     The parties are familiar with the record in this case, and we
recite only those facts necessary to explain our decision.

───────────────

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

O'Brien and Riggins were divorced in 1991.  By agreement of the parties, as memorialized in the final decree of divorce, O'Brien had physical custody of the parties' four minor children, and Riggins had joint legal custody as well as liberal visitation rights.  The parties agreed that, in the event the parties were unable to reach an agreement concerning the children's education and religion, O'Brien was entitled to make the final decision.

O'Brien was originally from Kansas.  Following a vacation to Kansas and her mother's unexpected death in the summer of 1994, O'Brien and her new husband decided to relocate from the Washington, D.C., area to Kansas.  The trial court found that O'Brien did not discuss the pending move with Riggins, who found out about the move through the parties' children less than a month before the move occurred.

"Willful disobedience to any lawful . . . order of court is contempt and . . . punishable as such."  Board of Supervisors v. Bazile, 195 Va. 739, 745, 80 S.E.2d 566, 571 (1954).  "A trial court 'has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order.'"  Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (citation omitted).  Whether to grant a motion for contempt is a matter left to the discretion of the trial court which will not be reversed on appeal in the absence of an abuse of that discretion.  See Wells v. Wells, 12 Va. App. 31, 36, 401 S.E.2d 891, 894 (1991).

-

Code § 20-124.5, which requires the trial court to include in its orders as a condition of custody or visitation "a requirement that thirty days' advance written notice be given to the court and the other party by any party intending to relocate and of any intended change of address, unless the court, for good cause shown, orders otherwise," was enacted in 1994, well after the parties entered into their custody agreement and after entry of their final decree of divorce. Nowhere in the parties' divorce decree is there a requirement that the parties notify or seek approval of the trial court or each other prior to any planned relocation.

While the visitation schedule set out in the order would obviously be unworkable following a move out of state, O'Brien did not violate any express provision of the parties' final decree of divorce by relocating to Kansas. Therefore, because there was no willful disobedience of any existing decree for which a finding of civil contempt was appropriate, the trial court abused its discretion by finding O'Brien in contempt.

Our decision on the first issue renders moot O'Brien's challenge to the court's authority to impose prospective transportation costs as a remedy for the civil contempt. We therefore decline to address that issue further.

Accordingly, the decision of the circuit court is reversed.

                                                    Reversed.

-