COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


VALDIMIR NADEINE
                                      MEMORANDUM OPINION[*]
v.    Record No. 0803-01-4                 PER CURIAM
                                        SEPTEMBER 25, 2001
ALEXANDER KONANYKHINE


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                  William T. Newman, Jr., Judge

            (Raymond William Konan, on brief), for
            appellant.

            No brief for appellee.


      Vladimir Nadeine (appellant) contends the trial court erred

in issuing its December 22, 2000 order.  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the trial court.  See

Rule 5A:27.

                            BACKGROUND

      On July 28, 2000 and August 11, 2000, the trial court

ordered appellant's attorney to pay appellee, Konanykhine, a

---

      [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

total of $24,680.61 as sanctions for violating Code § 8.01-271.1.[1]

On August 31, 2000, the trial court entered an order finding appellant's attorney to be in contempt of court for his failure to pay the sanctions owed to Konanykhine.  At that hearing, the trial court advised appellant's attorney that he had sixty days to pay the sanctions.  The trial court warned appellant's attorney that it would conduct a hearing in sixty days to determine if he had complied with the trial court's directives.

On September 21, 2000, the trial court vacated its August 31, 2000 order of contempt.  It did so because Konanykhine did not oppose the motion[2] and because

> Plaintiff's Counsel Raymond Konan has posted with the Court a bond of $5000 for sanctions imposed in this case, is posting an additional bond of $3000 on this date of 21 September 2000, and has pledged to provide the balance of a bond totaling $25,000
> . . . .

(Emphasis added.)

After the trial court vacated the August 31 contempt order, appellant's attorney appealed the original July 28, 2000 and

_____

[1] These background facts were obtained from the trial court's November 9, 2000 order.

[2] In its November 9, 2000 order, the trial court explained that Konanykhine agreed not to oppose the motion to vacate the August 31, 2000 contempt order "with the understanding that Attorney Konan pay all monetary sanctions before November 1, 2000."

-

August 11, 2000 sanction awards to the Supreme Court. In preparing a sworn statement of facts pursuant to Rule 5:11(c), the trial court found that appellant's attorney attempted to intentionally mislead the trial court in certain matters. See November 9, 2000 Order.

In its November 9, 2000 order, issued in response to "Judgment Creditor Alexandre Konanykhine's Motion to Find [appellant's] Attorney Konan in Contempt," the trial court ruled that "[t]he August 31, 2000 Order finding Attorney Konan to be in Contempt of Court is reinstated." The trial court "again found" Konan "to be in contempt of court for his failure to pay the sanctions imposed by the Court's July 28, 2000 and August 11, 2000 Orders (plus interest from the dates of the Orders)." The trial court further found appellant's attorney, Konan, "to be in Contempt of Court for his willful attempt to mislead the Court." Moreover, the trial court ordered that "Konan be confined in the Arlington County Detention Center until such time as he posts a bond equal to the July 28, 2000 and August 11, 2000 sanction awards plus interest ($25,316.89 as of November 9, 2000)."

On November 27, 2000, Konan filed a motion to vacate the November 9, 2000 order of contempt. He sought to present argument at a November 29, 2000 hearing. On November 30, 2000, Konan filed a motion to suspend the November 9, 2000 order of

-

contempt. Attached to the motion were proposed orders for entry signed by Konan with spaces for the trial judge and opposing counsel to sign. The sketch order recited that Konan "deposited with the Clerk of [the trial court] $26,000 as a cash bond to cover the sanctions imposed." The trial court added that the matters "are on appeal," after which it signed and entered the sketch order on November 30, 2000, the day it was submitted. The order provided that "[t]he Order of Contempt of November 9, 2000, against [Nadeine's] counsel is suspended pending further action of the Court." (Emphasis added.) Konanykhine's attorney never signed the order. On December 4, 2000, Konanykhine filed a response to appellant's attorney's motion to suspend or vacate and gave notice that he would present argument on December 6, 2000. The trial court rescheduled the hearing for December 22, 2000.

On December 21, 2000, Konan filed another motion to stay contempt proceedings. On that same date, Konan also filed a motion to withdraw his earlier motion to vacate the "now suspended Order of Contempt of November 9."

By order dated December 22, 2000, the trial court ordered that "the Contempt Orders dated August 31, 2000 and November 9, 2000 are reinstated." Although Konan signed the order underneath the typed phrase "Seen and objected to," he failed to note any specific objection to the trial court's ruling.

-

Appellant lists thirteen questions presented, all of which relate to the trial court's awards of attorney's fees to appellee, Konanykhine, and the resultant findings of contempt. The awards were in the nature of sanctions against appellant's attorney, Konan.

On November 15, 2000, appellant filed in the Supreme Court a "Petition of Appeal From Law No. 99-1092." See Supreme Court Case No. 002582. On March 21, 2001, appellant filed a "Petition for En Banc Review of Petitions of Appeal." See Supreme Court Case No. 002758. In those cases, appellant listed seven assignments of error relating to (1) the trial court's rulings relating to the merits of appellant's causes of action; (2) the trial court's alleged error in "summarily denying" his motions for reconsideration; and (3) the trial court's assessment of attorney's fees and sanctions against Konan.

By orders dated March 5, 2001 and April 20, 2001, the Supreme Court, after reviewing the record and considering the argument, found "no reversible error in the judgment[s] complained of."

Under the doctrine of the law of the case, appellant is barred from relitigating the July 28 and August 11 assessments of sanctions and attorney's fees. Kaufman v. Kaufman, 12 Va. App. 1200, 1208, 409 S.E.2d 1, 6 (1991) ("'Where there have been two appeals in the same case, between the same parties and the

-

facts are the same, nothing decided on the first appeal can be re-examined on a second appeal.'" (quoting Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620-21, 93 S.E. 684, 687 (1917))).

Therefore, the only issue properly before this Court is the trial court's December 22, 2000 ruling "order[ing] that the Contempt Orders dated August 31, 2000 and November 9, 2000 are reinstated."

Appellant's arguments that arguably relate to the December 22 order include: (1) there was no proof of "willful disobedience" to support the finding of contempt; (2) the trial court erred in finding appellant's attorney in "contempt for slow payment of a judgment when there is no payment schedule or specific due date" specified "in the subject order"; (3) appellant's attorney cannot "properly be held in contempt of court for not paying more promptly" if he is insolvent or unable to pay;[3] (4) the order contained no specific payment schedule and no purge provision; (5) there was "only a mini-hearing" that took place "with no advance notice"; (6) due process was violated because of the alleged "surprise hearing"; and (7) the

---

[3] According to appellant's brief, this argument "was presented to the Circuit Court." However, because there was no transcript of the December 22, 2000 hearing or a signed statement of facts in the record, we are unable to find where this argument was made and preserved.

-

vacated order of contempt "from months back" cannot be reinstated beyond twenty-one days.

On December 22, 2000, the trial court reinstated the August 31, 2000 order of contempt that it vacated on September 21, 2000.[4]  Assuming, without deciding, that the trial court was without authority to reinstate the September 21 order, the law is clear that "[a] trial court has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order."  Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (citation omitted).

The trial court made additional findings of contempt in its November 9, 2000 order.  Moreover, Konan's attempt to mislead the court and his failure to post a bond for the entire judgment amount provided the trial court with sufficient reasons to find him in contempt on December 22, 2000.  Based on appellant's actions and failure to follow the trial court's orders, the trial court did not err in entering the December 22, 2000 order.

As to appellant's other issues, "[t]he Court of Appeals will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299,

---

[4] As to the November 9, 2000 order of contempt, on November 30, 2000, the trial court merely suspended temporarily the November 9 order of contempt "pending further action of the Court."  Therefore, the trial court clearly retained authority to act on the November order of contempt.

-

308, 494 S.E.2d 484, 488 (1998); Rule 5A:18. The record fails to show that appellant presented any of these arguments to the trial court either by writing them under his signature on the December 22, 2000 order or by submitting a transcript or signed statement of facts showing that these arguments were made below. Accordingly, Rule 5A:18 bars our consideration of these questions on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Therefore, the decision of the trial court is summarily affirmed.

<u>Affirmed.</u>