COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Frank and Clements


OLGA LUKASHEVSKY
                                        MEMORANDUM OPINION*
v.    Record No. 2957-01-4                 PER CURIAM
                                         APRIL 2, 2002
IGOR BAKHIR


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Arthur B. Vieregg, Judge

          (Olga Lukashevsky, pro se, on brief).

          No brief for appellee.


     Olga Lukashevsky (wife) appeals the decision of the circuit

court finding her in contempt for failing to pay court-ordered

child support to Igor Bakhir (husband).  On appeal, wife contends

the trial court erred by (1) finding the evidence sufficient to

hold her in contempt, and (2) refusing to allow her to present the

testimony of three witnesses concerning her inability to pay.

Upon reviewing the record and opening brief, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

                        Procedural Background

     Husband and wife separated on or about July 1, 2000.  On

February 5, 2001, the juvenile and domestic relations district

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

court awarded husband custody of the couple's minor child.  In a May 18, 2001 pendente lite order, the circuit court ordered wife to pay husband $159 monthly child support.  When wife refused to make any payments, husband filed a petition for rule to show cause.  After hearing arguments, the circuit court, on September 28, 2001 found wife in contempt of court.

The evidence presented at the hearing demonstrated wife voluntarily left her employment in the metropolitan Washington area where she was earning $64,000 annually as a computer programmer.  Wife moved to Louisiana and claimed that because her Federal Immigration and Naturalization Service records had not been forwarded to that state she was unable to work.  Wife provided no documentary proof to support her contentions.  Husband testified wife stated she disagreed with the child support order and would not pay him.  The hearing on September 28, 2001 had been continued from September 21, 2001.  Wife did not subpoena witnesses to testify on her behalf at the hearing.

## Analysis

### I.

"Willful disobedience to any lawful . . . order of court is contempt and . . . punishable as such."  Board of Supervisors v. Bazile, 195 Va. 739, 745, 80 S.E.2d 566, 571 (1954).  "A trial court 'has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order.'"  Alexander v. Alexander, 12 Va. App. 691, 696, 406

-

S.E.2d 666, 669 (1991) (citation omitted). "On appellate review of this issue, we may reverse the ruling of the trial court only if we find that it abused its discretion." Barnhill v. Brooks, 15 Va. App. 696, 704, 427 S.E.2d 209, 215 (1993). The trial court found wife voluntarily left her job. Wife told husband she was unwilling to pay the support she owed. The trial court stated it believed husband's testimony over wife's testimony. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trial court found wife voluntarily and willfully refused to obey its order. We cannot conclude, based on the evidence in this record, that the trial court abused its discretion.

## II.

"On appeal, the judgment of the trial court is presumed correct. The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled." Johnson v. Commonwealth, 12 Va. App. 391, 396, 404 S.E.2d 384, 387 (1991) (citation omitted). "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will not consider the point." Jenkins v. Winchester Dep't of Social Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).

-

Where we do not have the benefit of a transcript of the proceedings, we can consider only that which is contained in the written statement signed by the trial judge.  See id.  There is no transcript in this appeal, and the written statement of facts provided by the trial court is limited.

Wife alleges the trial court refused to allow her to call witnesses on her behalf.  The written statement of facts indicates wife did not subpoena any witnesses for the September 28, 2001 hearing.  In the absence of other evidence, we cannot say that wife has borne her burden to demonstrate that the trial court erred.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.