COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Causey and White
Argued at Alexandria, Virginia

WILLIAM D'ORION CARSON

v.      Record No. 0170-24-4

SONIA MCNEIL CARSON

MEMORANDUM OPINION[*] BY
JUDGE KIMBERLEY SLAYTON WHITE
DECEMBER 16, 2025

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Judith L. Wheat, Judge

Chandra A. Sheppard (Stephanie Sauer; The Geller Law Group, on
briefs), for appellant.

(Sonia McNeil Carson, on brief), *pro se*.  Appellee submitting on
brief.

Appellant father makes three assignments of error concerning the circuit court's

determination of child support and attorney fees in the case below.  (1) The circuit court

incorrectly calculated the presumptive child support amount due under Code § 20-108.2 by (a)

miscalculating the amount, (b) failing to deduct spousal support from father's income and add it

to appellee mother's income, (c) failing to add a monetary gift to mother's income, and (d)

failing to add the cost of health insurance coverage for the children to the child support

obligation.  (2) The circuit court erred in its deviation from the presumptive child support

amount.  And (3) the circuit court erred in awarding mother attorney fees and costs without

credible evidence in the record to support the award amount.

We agree that the circuit court miscalculated the presumptive child support amount and

remand the issue to the circuit court.  Since deviation from the presumptive amount is dependent

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

on an accurate rendering of that presumptive amount, we do not address the merits of assignment of error 2. Assignment of error 3 is rendered unreviewable by this Court at this time, since attorney fees may be affected by remand on assignment of error 1 in this case.

BACKGROUND

The parties were married in 2017 and have two young children. In 2021, mother filed for divorce and the parties litigated the grounds of divorce, child custody, spousal support, attorney fees, equitable distribution, and child support. After a hearing, the circuit court found custodial days would be 50/50 for child support purposes in alignment with the child custody agreement and awarded mother $3,200 in monthly spousal support for 24 months.[1] Before the circuit court entered a final decree, father moved to re-open the evidence because he had accepted a new job with a $200,000 decrease in salary. The circuit court granted father's motion to reconsider child support (motion to reopen evidence) and reserved the matter in the divorce decree.

At the following hearing, the parties stipulated that mother's monthly salary was $15,292 and father's new monthly salary was $14,583; father received a $15,000 signing bonus in 2022; and he was eligible for an annual bonus of up to $35,000. Additionally, the parties stipulated to childcare costs of $4,054.17 per month and the children's health insurance costs of $119 per month. Father proffered that mother received a $20,000 gift from her parents in October 2022. The court then heard evidence on whether father's reduced income was voluntary and if his previous salary should be imputed as a result.

The circuit court issued a child support opinion explaining its findings and ruling. It acknowledged its previous rulings on spousal support and shared custody. Then, it addressed the presumptive child support amount reciting the parties' stipulated earned incomes and increased

---

[1] The circuit court also resolved equitable distribution and granted a divorce on no fault grounds; those issues are not the subject of this appeal.

father's monthly income to $15,833 due to his signing bonus. The circuit court split the cost of childcare equally between the parties and noted that father paid the children's health insurance. "Using this evidence as a basis" the circuit court calculated a presumptive child support amount of $120 per month to mother, but it did not provide its calculations to the parties.

The circuit court then determined the presumptive amount was unjust and inappropriate, considering the statutory factors under Code § 20-108.1. The circuit court found father was voluntarily underemployed, so it imputed to him the full possible bonus income, which increased his gross monthly income to $17,500.[2] The circuit court then excluded spousal support and the $20,000 gift from mother's income. Lastly, the circuit court allocated the health insurance cost to father and divided child-care expenses evenly between the parties. Accordingly, the circuit court deviated from the presumptive amount and awarded mother $325 a month in child support. The circuit court also denied both parties attorney fees.

Father moved for reconsideration, arguing that the circuit court could not deviate from the child support guidelines because it had not properly calculated the presumptive amount based on its own findings, which failed to include all the parties' gross income.[3] Mother asked the circuit court to award her attorney fees for the reopened child support matter. Father argued mother had provided insufficient evidence of her attorney fees. The circuit court took the requests under review.

---

[2] Because the circuit court found father was unable to maintain his previous position, it did not impute his prior stipulated income. The circuit court acknowledged that his underemployment was voluntary because he limited his search for new employment to those that paid "approximately half" the amount he was making in his previous position.

[3] Father also argued the 50% credit for childcare costs should not have been applied retroactively and that the circuit court erred by deviating from the guidelines.

On December 29, 2023, the circuit court entered a child support order, incorporating its letter opinion. The circuit court also awarded mother $12,898.25 in attorney fees related to the reopened matter. Father appeals.

## ANALYSIS

### A. PRESUMPTIVE CHILD SUPPORT CALCULATION

"The determination of child support is a matter of discretion for the circuit court, and therefore we will not disturb its judgment on appeal unless plainly wrong or unsupported by the evidence." *Da'mes v. Da'mes*, 74 Va. App. 138, 144 (2022) (quoting *Niblett v. Niblett*, 65 Va. App. 616, 624 (2015)). "That discretion, however, is not unbounded. The applicable statutes set forth mandatory steps that courts must follow when exercising their discretion." *Ridenour v. Ridenour*, 72 Va. App. 446, 452 (2020). Thus, the trial court abuses its discretion when it "fails to consider the statutory factors required to be part of the decision[-]making process." *Chaney v. Karabaic-Chaney*, 71 Va. App. 431, 435 (2020) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 262 (2003)).

"The starting point in any award of child support is the presumptive calculations" set out in the applicable statutes. *Niblett*, 65 Va. App. at 625. There is a rebuttable presumption that applying the statutory guidelines establishes "the correct amount of child support to be awarded." Code § 20-108.1(B) (referencing Code § 20-108.2). So, "when determining child support, a court has an affirmative duty to calculate expressly the presumptive amount of child support under the guidelines." *Herring v. Herring*, 33 Va. App. 281, 287 (2000). Only "*after* determining the presumptive amount of support" may the circuit court deviate from the guidelines amount based on statutory factors. *Richardson v. Richardson*, 12 Va. App. 18, 21 (1991); *see also O'Brien v. Rose*, 14 Va. App. 960, 963 (1992) ("When courts are called upon to modify child support . . . , '[t]he starting point . . . is to compute the presumptive amount . . . .'"

- 4 -

(second and third alterations in original)). "As a result, the court's calculation of child support obligations is a combination of mandatory steps and broad discretion." *Tidwell v. Late*, 67 Va. App. 668, 678 (2017).

Father argues the circuit court incorrectly calculated the presumptive guidelines amount to be $120 per month, based on its own findings. We agree. The circuit court identified the evidence upon which it based its guidelines calculation. Yet we cannot reconcile the circuit court's evidence with its presumptive child support calculation of $120.[4] And without the circuit court's guidelines worksheet, we cannot ascertain where the discrepancy lies. *See* Code § 20-108.2(B) (requiring a copy of the guidelines worksheet to be in the file and provided to the parties). Therefore, because the circuit court's presumptive child support amount is not supported by its findings, it did not satisfy its affirmative duty to calculate the presumptive amount of child support under the guidelines. *See Herring*, 33 Va. App. at 287.

Having determined that the circuit court erred, we must consider whether this error was harmless. Code § 8.01-678. Here we conclude that it was not. An error is harmless "when we can conclude that the error at issue could not have affected the court's result." *Forbes v. Rapp*, 269 Va. 374, 382 (2005). By miscalculating the mandatory first step of a child support award, the circuit court lacked discretion to deviate from the presumptive child support amount. *See Richardson*, 12 Va. App. at 21. Accordingly, the circuit court's error affected its final award of child support and we cannot say this error was harmless.

---

[4] In fact, according to the Virginia Child Support Calculator the amount would be $12 per month owed by mother without including childcare costs. With childcare costs the amount would be $24 per month owed by father. *See* https://www.virginiachildsupportcalculator.com/. The record on appeal is insufficient to determine how the circuit court reached the $120 figure.

Additionally, father contends the circuit court's presumptive child support calculation failed to account for all the parties' gross income and the cost of health insurance. Our reversal of the circuit court's award of child support means these arguments are now moot.

### B. ATTORNEY FEES

Father argues that the circuit court abused its discretion by awarding attorney fees to mother "without an evidentiary basis." Virginia courts operate under the "American rule" where "a prevailing party generally cannot recover attorney's fees from the losing party." *Dewberry & Davis, Inc. v. C3NS, Inc.*, 284 Va. 485, 495 (2012) (quoting *Ulloa v. QSP, Inc.*, 271 Va. 72, 81 (2006)). Yet, "we have approved an award of attorney's fees in certain cases involving alimony and support disputes even though such awards of attorney's fees were neither authorized by statute nor by contract." *Prospect Dev. Co. v. Bershader*, 258 Va. 75, 92 (1999). "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." *Mullin v. Mullin*, 45 Va. App. 289, 304 (2005). "The only question on review is whether the trial court abused its discretion in [awarding or] refusing to award attorney's fees to the wife." *Alexander v. Alexander*, 12 Va. App. 691, 697 (1991).

Here, we have the further task of determining whether a remand on the merits affects appellate review of the circuit court's award of attorney fees. According to precedent, appellate review may or may not be dependent on the content of the matter to be decided on remand. Appellate review of attorney fees awards can proceed independently of the party's success in the underlying case. *See id.* (indicating that it could evaluate fees on abuse of discretion regardless of wife's success since, "[e]ven if the wife had been successful . . . the trial court's power to award attorney fees is discretionary"). On the other hand, if the award of attorney fees is "tied to the [trial court's] decision on the merits of the case" upon remand, "the judgment of the trial court [regarding] attorney's fees is vacated and remanded for reconsideration" based on the merits of the

renewed child support determination. *Antonelli v. Antonelli*, 11 Va. App. 89, 95 (1990); *see also Rowe v. Rowe*, 24 Va. App. 123, 146 (1997) ("[I]n view of our remand of the equitable distribution award and the spousal support award, the trial court should reconsider the attorney's fee award.").

Here, the attorney fees award is "tied to the decision on the merits" of the case, meaning that the award is to be vacated and remanded to the circuit court for reconsideration.

Father's motion for reconsideration of the child support award is the basis for the attorney fees award. The circuit court initially denied both parties' attorney fees motions and subsequently granted mother's attorney fees award based exclusively on litigation relating to father's motion to reopen evidence. Likewise, a final determination of an attorney fees award on remand is specifically tied to the calculation of child support after father's motion to reopen evidence, since reconsideration is based on issues resulting from the motion. The attorney fees amount granted by the circuit court was tied specifically to the amount of attorney fees incurred by appellee while represented (i.e., before appearing *pro se*). The amount of attorney fees incurred by appellee may change upon further litigation at the trial level. Thus, we conclude that the attorney fees award is "tied to the [trial court's] decision on the merits of the case." *Antonelli*, 11 Va. App. at 95. Since the amount of attorney fees is tied to the issue on remand, it is left to the circuit court to decide what alteration is appropriate.

## CONCLUSION

For the foregoing reasons, we reverse the child support judgment, vacate the attorney fees award, and remand on all issues, with instructions to recalculate the presumptive amount and make subsequent rulings for both child support and attorney fees.[5]

*Reversed, vacated, and remanded.*

---

[5] The appellant filed a motion to strike appellee's amended brief. That motion is denied.