## 𝖘𝖙𝖆𝖚𝖓𝖙𝖔𝖓

G. Mark French v. H. Claude Pobst, Special Commissioner, Et Al.

August 31, 1962.

Record No. 5453.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*S. H. Sutherland* (*S. H. & George C. Sutherland,* on brief), for the appellant.

*H. Claude Pobst* (*Pobst & Coleman,* on brief), for the appellees.

BUCHANAN, J., delivered the opinion of the court.

■ This proceeding is an effort to compel G. Mark French, an attorney at law, to pay into court money which it has been judicially determined is in his hands as the court's special commissioner and which he has failed and refused to pay.

By a decree entered July 27, 1960, by the Circuit Court of Dickenson county in nine causes heard together, it was adjudicated that Special Commissioner French then had in his hands, to be distributed to the creditors named in the decree, $2,017.16 with interest and costs, and H. Claude Pobst was appointed a special commissioner to collect and disburse said amounts to the parties entitled thereto as set forth in the decree, and judgment was granted in favor of H. Claude Pobst, Special Commissioner, against G. Mark French, individually, for the $2,017.16 with interest and costs. French filed a petition to this court for an appeal from that decree which, on review, was refused on January 13, 1961, 202 Va. p. cxxxviii, on the ground that it was plainly right.

Thereafter, on July 1, 1961, the circuit court ordered that a rule be issued against French, who had made no payment, to show cause why he should not be held guilty of contempt "for his failure as an attorney practicing at this bar and an officer of the Court to pay over and account for funds in his hands as special commissioner in certain of the above combined causes, as heretofore adjudicated therein, which judgment has become final, and to which an application for an appeal has been denied by the Supreme Court of Appeals of Virginia". The order provided that service of a copy thereof upon French should be equivalent to issue and service of the rule.

A copy of the order was duly served on French, who responded with a motion to quash, a demurrer and an answer. The motion and demurrer were overruled, the court heard the matter *ore tenus* and by order of August 4, 1961, held French to be in contempt "in failing to pay over the monies required by [of] him by the order of this Court on July 27, 1960," and fixed his punishment at a fine and imprisonment, from which French has appealed. A later order, entered August 23, 1961, recites that although French did not request it, he should have the right to purge himself of the contempt by paying the judgment within ten days from the time stated in the order.

No oral testimony was given at the hearing. In response to the court's inquiry as to the nature of the defense, French's counsel said: "His defense is there's no such judgment. * * * We rely on our answer in this case filed this morning and the original nine records there. * *We are relying on the fact that we have attacked what is claimed as the judgment, the order of July 27, 1960, as being void and we rely on that as our defense."

The basis for the decree of July 27, 1960, was that over a period of some thirty years French served by court appointment as special commissioner to make sales of properties in the nine suits referred to. He made no proper accounting in any of them and on petition of interested parties the court appointed a special commissioner, R. E. Williams, to report as to what funds remained in the hands of French unaccounted for. Williams attempted to carry out the decree and filed three reports. In the last, filed October 8, 1947, he reported the difficulties he had had in getting proper information from French. He stated that from the testimony of French and his reports of his transactions he was unable to determine in what suits French had sold lands, or how he had applied the proceeds, and that French's explanations were obscure and unintelligible. Williams reported that he was unable to make a satisfactory accounting and asked to be relieved from further responsibility.

His request was granted and by decree of October 8, 1947, the matter was referred to H. Claude Pobst, as special commissioner, with direction to make a complete settlement and report of the collections and disbursements made by French as special commissioner in the suits and as to whether he had accounted to the lien creditors for the receipts from the sales made by him.

Pobst, as special commissioner, worked on the matter over a period of six years and on October 22, 1953, filed with the court a comprehensive report which showed painstaking labor in the effort to reach a just conclusion with respect to the great number of items involved in confusion because of the failure of French to have proper records and make proper reports.

The report of Special Commissioner Pobst set out in detail the sources and amounts of the collections made by French as reported by him and explained in his depositions before the Commissioner; and it also set out in detail the disbursements credited to French, also based on French's reports and his depositions before the Commissioner. On the basis of the evidence before him, Special Commissioner Pobst

reported that there was a balance of $4,259.03 in the hands of French, Special Commissioner, unaccounted for by him.

French filed exceptions to this report on six different occasions, beginning in December, 1953, and continuing into March, 1954. He also took depositions on December 15, 1954, in which he and Pobst both testified and Pobst made further explanations as to the items of his report.

Thereafter the circuit court, with evident care and thoroughness, reviewed the report and rendered a written opinion in which it sustained French's exception to an item of $1,922.79 charged against him, made some other adjustments and found the balance unaccounted for by French to be $2,017.16 and that the costs beginning with the decree of reference to Pobst and Pobst's fee as special commissioner of $800 for his work as special commissioner should be paid by French. The decree of July 27, 1960, was entered accordingly.

In the face of these long and laborious proceedings, caused by the complete neglect of French to perform his statutory duty of making reports and settlements of his transactions as special commissioner, we find in his brief on this appeal the remarkable statement: "nor was there ever at any time any opportunity given him [French] to plead or deny any liability *for anything allowed*" (italics his).

The fact is that he testified time after time before the two special commissioners appointed by the court to settle his accounts and he was given full opportunity to present all of his records and all of his claims. All of the depositions before the special commissioners were taken in his presence and practically all of the depositions were given by French himself. He filed numerous exceptions to the report of Commissioner Pobst and was heard thereon. One of these exceptions was that he had not been allowed sufficient commissions, although under Code § 8-259, referred to below, the court would have been warranted in allowing him none. Also, he filed a petition in the causes on July 19, 1960, before the final decree, asking the court to allow him $1,500 more for extra services he claimed to have rendered in the causes.

French now takes the position that the decree of July 27, 1960, is void because no bill of complaint or rule or other pleading was ever filed against him or served upon him. In his petition for an appeal from that decree to this court one of the errors assigned was that the circuit court erred in granting the judgment because the proceeding was:

"* * * only a reference to a commissioner for an accounting and was

not entered on a rule against Special Commissioner French and his bondsmen. All that the court could do under the pleadings was to declare what funds should be paid and order said special commissioner to pay same. A rule could then be entered against said special commissioner if he failed in a reasonable time to pay said funds as directed by the court."

This court rejected that contention when it refused the appeal, and it is now *res judicata*. *Ward* v. *Charlton*, 177 Va. 101, 115, 12 S. E. 2d 791, 795-6; *Rogers* v. *Rogers*, 37 W. Va. 407, 419, 16 S. E. 633, 638; 8 Mich. Jur., Former Adjudication or Res Judicata, § 2, p. 575. It is also without merit.

Section 8-664 of the Code provides that the court may award a rule against a commissioner and his surety to show cause why judgment should not be entered against them for an amount which the court may ascertain to be due from such commissioner; but that is not an exclusive method of procedure. The function of the rule would be to notify the commissioner and give him an opportunity to defend or explain. The order of reference to Commissioner Pobst served to give the required notice and opportunity. French made no objection to the order of reference, appeared before the Commissioner, made his defense, submitted his claims and fully litigated the only question at issue, *i.e.*, whether he had failed to account for funds that came into his hands as an officer of the court. When the amount of his delinquency had thus been ascertained, in the only way it could be properly ascertained, the issuance of a rule would have been a useless procedure.

In *Rush* v. *Dickenson County Bank*, 128 Va. 114, 104 S. E. 700, the special commissioner proceeded by action at law rather than by rule against a delinquent lessee.

*Camden* v. *Virginia Safe Dep. Co.*, 115 Va. 20, 31, 78 S. E. 596, 600, approved the principle that where persons were served with a rule to show cause why they should not deliver certain property to a receiver, appointed in a case to which they were not parties, and they appeared and contested the matter before the court, the court acquired full jurisdiction over their persons as well as the subject matter.

French had notice of the accounting. Without objection he appeared, was fully heard, and his contention that the judgment against him was without due process is wholly without merit. 12 Am. Jur., Constitutional Law, §§ 607-8; *Louisville & Nashville Railroad Co.* v. *Schmidt*, 177 U. S. 230, 20 S. Ct. 620, 44 L. ed. 747.

A special commissioner appointed as was French is a quasi judicial officer, *Mountain Lake Co.* v. *Blair*, 109 Va. 147, 159, 63 S. E. 751, 755. He is a mere agent of the court in selling property, collecting and paying out the purchase money under the decrees of the court, *Watts* v. *Newberry*, 107 Va. 233, 243, 57 S. E. 657, 660. The court and not the commissioner is the real seller at a judicial sale and the commissioner is merely the ministerial agent of the court and the medium through which the purchaser makes an offer to the court. 11 Mich. Jur., Judicial Sales and Rentings, § 38, p. 335. The proceeds of the sale are funds in the custody of the court and subject to its orders, *Oliver* v. *Braswell*, 193 Ky. 297, 235 S. W. 724.

Section 8-259 of the Code provides, *inter alia*, that all special commissioners whose accounts have not been expressly approved by the court, shall, not longer than four months after money in their hands should be distributed, present to the commissioner in chancery appointed by the court an accurate statement of all receipts and disbursements, supported by proper vouchers, and the commissioner shall verify it and present it to the court; and if any special commissioner fail to make settlement as required within the time specified, he shall forfeit his commissions, or so much thereof as the court orders.

A failure without legal excuse on the part of a special commissioner of the court to comply with a court order requiring the payment of money is a contempt and a commitment for failure to obey such an order is not imprisonment for debt. 17 C.J.S., Contempt, § 13 at p. 18.

In *Rinehart & Dennis Co.* v. *McArthur*, 123 Va. 556, 563, 96 S. E. 829, 831, we said that "where money is in the hands of an officer of the court, subject to the order of the court, it is clearly a contempt of the court to refuse to surrender and pay over the money as directed by the court, and obedience to the order may be enforced by contempt proceedings involving the imprisonment of the officer". See also *Drake* v. *National Bank of Commerce*, 168 Va. 230, 190 S. E. 302; *Camden* v. *Virginia Safe Dep. Co., supra*, 115 Va. 20, 78 S. E. 596.

Special Commissioner French does not say that he is unable to pay. In a bill which he appears to have filed in the circuit court and which he has had printed in the record before us, he said that he "owns various tracts of land in Dickenson County, and is also possessed of considerable personal property, both tangible and intangible".

His defense, asserted in one of his assignments of error, that he did not have any of the money which came into his hands as special commissioner, in any one of the nine chancery causes, is of no

consequence. He cannot escape his liability by showing that he does not have the identical money that came into his hands. If he received as the agent of the court $2,017.16 which he has not accounted for, as has been finally determined in these causes, he still has it so far as the court and the rights of the parties are concerned, unless it is impossible for him to pay it.

In another assignment he contends that the court erred in finding him guilty of contempt because the decree of July 27, 1960, did not require him to do anything. There is a conflict of authority on the question whether a decree or order which merely declares the rights of the parties without an express command or prohibition may be the basis of a contempt proceeding. 12 Am. Jur., Contempt, § 24 at p. 406; Anno., 29 A.L.R. 134. We conclude that the better and safer rule is that there must be an express command or prohibition.

In *Taliaferro* v. *Horde's Adm'r*, 22 Va. (1 Rand.) 242, 247, it was said: "The process for contempt lies for disobedience of what *is* decreed, not for what *may be* decreed." See also *Birchett, et al.* v. *Bolling*, 19 Va. (5 Mun.) 442, 456; *Oliver* v. *Braswell, supra; Hotaling* v. *Superior Court*, 191 Cal. 501, 217 P. 73, 29 A. L. R. 127 (cited only on this point); *Rinehart & Dennis Co.* v. *McArthur, supra*, 123 Va. at 563, 96 S. E. at 831, where the rule stated includes the phrase "as directed by the court".

Moreover, the language of § 18.1-292 of the Code is that courts and judges may issue attachments for contempts and punish them summarily for "disobedience" to any lawful decree or judgment of the court. Disobedience to a decree occurs on failure or refusal to obey its command or its prohibition.

The decree of July 27, 1960, does not contain a command or direction to French. It grants a judgment "against the said G. Mark French individually for the sum of $2,017.16 with interest and costs as aforesaid" in favor of H. Claude Pobst, Special Commissioner, who shall collect and disburse it as set forth in the decree.

It follows that the order of August 4, 1961, appealed from, must be reversed and set aside and the causes remanded for further proceeding. The circuit court may thereupon enter a further decree specifically commanding French to pay the judgment of July 27, 1960, and proceed by rule for contempt if its command is not obeyed.

The appellee, H. Claude Pobst, Special Commissioner, having substantially prevailed on this appeal shall recover his costs.

*Reversed and remanded.*