## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## MEREDITH CARWELL WINN V. HELEN WHITE WINN.

June 10, 1977.
Record No. 760191.
Present: All the Justices.

*Phoebe P. Hall (Franklin P. Hall; Hall, Hall & Warren,* on brief), for appellant.

*C.B. Neblett, Jr. (Norma B. Carl; Baer, Neblett & Heller,* on brief), for appellee.

Per Curiam.

This case involves a contempt proceeding to enforce a provision of a marital settlement agreement incorporated into a decree of divorce.

The agreement was entered into by Meredith Carwell Winn and Helen White Winn, then husband and wife, in settlement of "all of the financial and property matters existing between themselves." The agreement, dated January 9, 1973, contained this pertinent provision:

> "Husband agrees that he will maintain for a period of two years from the execution of this Agreement the present group hospitalization policy carried on the Wife through the Traveler's Insurance Company, or a similar policy containing substantially the same benefits . . . ."

On March 7, 1974, the wife was awarded a final divorce from the husband. The final decree affirmed, ratified, and incorporated the agreement of January 9, 1973, and ordered the husband to comply with the provisions of the contract.

At all times pertinent to this controversy, the husband maintained "in full force and effect" the Travelers policy mentioned in the agreement. On one occasion following the divorce, the wife was treated as an outpatient at a Richmond hospital, and Travelers paid her claim for benefits. Later, she was confined at the same hospital for approximately two weeks, but Travelers refused to pay her claim when it discovered her divorce "had become final."

Upon denial of the claim by Travelers, the wife filed in the divorce proceeding a petition for the issuance of a rule against the husband to show cause why "he should not be punished for his contempt" in failing to comply with the terms of the divorce decree. After a rule was issued and served on the husband, the court heard the contempt matter and held that the husband had failed to comply with the agreement, as made part of the divorce decree. The court entered judgment against the husband for $1,264.76, representing what the court termed the amount "Travelers would have paid [on the wife's hospital bill] had the coverage been in effect." The husband appeals.

The husband has assigned a number of errors. We believe, however, that the dispositive question, to which the parties address their principal arguments, is whether the husband's actions constituted contempt.

The husband argues that he was not in contempt. He says he had the option of complying with the agreement and the divorce decree either by maintaining the Travelers policy or by securing

another policy providing substantially the same benefits; exercising his option, he chose to maintain the Travelers policy, and the wife cannot complain now because he did not make another choice which might have guaranteed payment of benefits after "she got a divorce."

The wife argues that the agreement should be interpreted, as the trial court interpreted it, to carry out the intent of the parties that, after the divorce, the wife should be "protected by hospitalization insurance to essentially the same degree as she was protected" at the time the agreement was executed. The optional language was employed in the agreement, the wife says, not to give the husband a choice, but to "insure that if the [Travelers] policy did not afford the [wife] the same benefits as she was [then] entitled to that the [husband] would procure such for her." Thus, the wife asserts, maintenance by the husband of the Travelers policy did not satisfy his contractual obligation, and he was in contempt for failing to comply with the agreement, as incorporated into the divorce decree.

We cannot agree with the wife that the husband was in contempt. As a general rule, "before a person may be held in contempt for violating a court order, the order must be in definite terms as to the duties thereby imposed upon him and the command must be expressed rather than implied." *Wood* v. *Goodson*, 253 Ark. 196, 203, 485 S.W.2d 213, 217 (1972). This is also the rule followed in Virginia. In *Taliaferro* v. *Horde's Adm'r.*, 22 Va. (1 Rand.) 242, 247 (1822), we said that "[t]he process for contempt lies for disobedience of what *is* decreed, not for what *may be* decreed." *See also French* v. *Pobst*, 203 Va. 704, 710, 127 S.E.2d 137, 141 (1962).

It well may be that, when the parties entered into the agreement, they intended the husband's obligation to be absolute — if intervention of the divorce should have the effect of voiding the wife's coverage under the Travelers policy, it was his duty to procure other insurance guaranteeing her substantially the same benefits she had as his undivorced wife. But if this was the husband's duty, it was not expressed in definite terms in the agreement, as incorporated into the divorce decree. If the duty existed at all, it arose only by implication.

Because the husband did not violate a clearly defined duty imposed upon him by the agreement and the decree, his actions

did not constitute contempt. Accordingly, the judgment of the trial court will be reversed, and a decree will be entered here discharging the rule to show cause and dismissing the wife's petition.

*Reversed and dismissed.*