## CIRCUIT COURT OF FAIRFAX COUNTY

Kimberlee Ledford

v.

Thomas E. Ledford, Sr.

September 21, 1993

Case No. (Chancery) 107631

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on Mr. McCormack's Motion to Reconsider the Court's denial of the Petition for Rule to Show Cause. In his motion Mr. McCormack primarily argues as follows:

> In short Mrs. Ledford's duty to cooperate and Mr. Ledford's effort to sell or refinance the property arises from necessary and inescapable *implication* from the expressed terms of the PSA (emphasis supplied).

Motion to Reconsider page 2.

In *Winn v. Winn*, 218 Va. 8 (1977), the Supreme Court of Virginia, under similar circumstances, held that a party could not be held in contempt of court for violation of an implied term of a Property Settlement Agreement incorporated in a decree of the Court. In *Winn*, the parties entered into a Property Settlement Agreement which afforded the husband the option of either maintaining the then existing health insurance policy with Travellers Insurance Company for the wife's benefit or obtaining a similar policy containing substantially the same benefits. The husband elected to maintain the existing policy which contained a provision canceling the wife's coverage upon the entry of a decree of divorce. In the trial court the wife successfully argued that the clear intent of the parties was for the husband to maintain coverage after the parties were divorced and that the husband was in contempt for his violation of the obvious intent of the parties. The Supreme Court of Virginia reversed the contempt finding and stated:

> before a person may be held in contempt for violating a court order, the order must be in definite terms as to the duties thereby imposed upon him and the command must be expressed rather than implied [citations omitted] . . . . the process for contempt lies for disobedience of what is decreed, not what may be decreed [citations omitted].

*Id.* at 10.

The Court finds that the holdings in *Winn* and *French v. Pobst*, 203 Va. 704 (1962), are dispositive in this matter. Accordingly, the Court declines to issue a Rule to Show Cause when it cannot under Virginia law find the alleged contemnor in contempt.

In ruling that the Complainant cannot be held in contempt of court, the Court does not decide or express any opinion as to whether she could be ordered by the Court to list the subject property for sale as a result of the Property Settlement Agreement of the parties.

The Petition for Rule to Show Cause is dismissed.