COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Bumgardner
Argued at Richmond, Virginia


WILLIAM EDWARD LALIK

                                      MEMORANDUM OPINION[*] BY
v.    Record No. 1855-99-3           JUDGE RICHARD S. BRAY
                                           MAY 9, 2000
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                    Robert P. Doherty, Jr., Judge

           Peter H. White (Leisa Kube Ciaffone; Hunton &
           Williams; Gentry, Locke, Rakes & Moore, on
           briefs), for appellant.

           Thomas M. McKenna, Assistant Attorney General
           (Mark L. Earley, Attorney General; Jeffrey S.
           Shapiro, Assistant Attorney General, on
           brief), for appellee.


     William Edward Lalik (defendant) was convicted in a bench

trial for contempt of court in violation of Code § 18.2-456(5).

On appeal, he challenges the sufficiency of the evidence to prove

the existence of "a definite and express order" of the court and

the requisite intent to disobey such alleged order.  Finding no

error, we affirm the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

In reviewing the sufficiency of the evidence, we consider the record "'in the light most favorable to the Commonwealth, giving it all reasonable inferences fairly deducible therefrom.  In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth . . . .'"  Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (citation omitted).  The credibility of the witnesses, the weight accorded the testimony, and the inferences drawn from the proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by evidence.  See Code § 8.01-680.

I.

On the afternoon of July 27, 1999, defendant, a Roanoke elementary school principal, appeared voluntarily before the court as a witness for a local teacher, then on trial for "solicitation of a felony."  Defendant had previously advised both the teacher and his attorney that defendant was required to attend a meeting elsewhere at 3:00 p.m.  However, with the "court appearance supposed to be around 1:00 p.m.," defendant "thought he could do both."

Defendant arrived at the courthouse several minutes before 1:00 p.m. and was first called to testify at "approximately"

-

1:45 p.m.  After several questions on direct examination, the court interrupted the proceedings briefly to consider an objection by the Commonwealth, releasing defendant from the witness stand with the following admonition:

> Mr. Lalik, if you'll step down and step
> outside and we'll call you back in, in just
> a second.

Within five to ten minutes, around 2:00 p.m., defendant was recalled and resumed the witness stand.  However, further issues pertaining to his testimony soon confronted the court, necessitating a second interruption of trial at "about" 2:10 p.m.  Again, defendant was released from the witness box and instructed by the court:

> Mr. Lalik, would you please step down and
> step outside.  We'll call you back in one---
> in just a second.

After waiting outside the courtroom for approximately ten minutes, defendant advised Roanoke Sheriff's Sergeant J.P. Dame of his 3:00 p.m. appointment and requested Dame to "see . . . the judge and . . . defense attorney" and "let them know [he] really needed to leave."  In response, Dame recalled to defendant that "the Judge had basically told him to go outside and wait a minute and he would get him back . . . as soon as possible."  Nevertheless, Dame acceded to the request, spoke with the trial judge, and reported to defendant that "it would be a few minutes."

-

Dame testified that defendant then "said something about leaving," and Dame answered, "[you don't] want to ride in a one-way brown taxi . . . and sort of laughed." Defendant admitted responding, "That sounds like a great ride, something I wouldn't want to do." Dame explained that his comment referenced "being arrested and brought to jail if [defendant] didn't wait . . . and testify," and defendant acknowledged that he "understood it" to mean "somebody would . . . come after me." However, when "nothing [had] happened by 2:40 p.m., defendant, although admittedly "familiar with court proceedings" and aware he "had not . . . completed [his] testimony," departed the courthouse for his meeting.[1]

At a later hearing on the instant offense, defendant recalled that he "didn't understand" the court's instructions to him "as an order," rather "just a statement" "to go out and wait." He further testified that he construed Dame's mention of a "brown taxi" as "light conversation," not a "serious . . . possibility." Defendant acknowledged "concern[] about leaving and not finishing the testimony . . . that was important" but was "conflicted" by "something important in [his] own life . . . to deal with."

---

[1] As a result of defendant's absence from the criminal trial, the court subsequently declared a mistrial and initiated the subject prosecution.

## II.

Code § 18.2-456(5), in pertinent part, invests "courts and judges" with the power of contempt, together with summary punishment, for "[d]isobedience . . . of . . . [a] witness . . . to any lawful . . . decree or order of the court."  Thus, "[a] trial court 'has the authority to hold an offending party in contempt for acting in bad faith or for willful disobedience of its order.'"  Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (citation omitted).  This "principle applies to the oral orders, commands and directions of the court" as well as written orders.  Robertson v. Commonwealth, 181 Va. 520, 537, 25 S.E.2d 352, 359 (1943).  An adjudication of contempt will be reversed "only if we find that [the court] abused its discretion."  Barnhill v. Brooks, 15 Va. App. 696, 704, 427 S.E.2d 209, 215 (1993).

Defendant first argues that the words spoken by the judge, "please step down and step outside[,] [w]e'll call you back . . . in just a second" did not constitute an order.  He relies upon French v. Pobst, 203 Va. 704, 127 S.E.2d 137 (1962), in support of the principle that "'[t]he process for contempt lies for disobedience of what is decreed, not for what may be decreed'" and that "there must be an express command or prohibition."  Id. at 710, 127 S.E.2d at 141 (citation omitted).  However, the facts of the instant appeal are easily

-

distinguishable from French, an erroneous contempt conviction resulting from a failure to pay money, despite the absence of a predicate "command or direction." Id.

Here, the court's command to defendant was clear: "step down and step outside." The court will "call you back . . . in just a second." Significantly, a like directive by the court, which preceded the subject order by only minutes, had been honored by defendant and followed by resumption of his testimony. In both instances, although the court did not designate the instruction as an order that defendant "wait," the import of the words is made manifest by both definition and context. Clearly, nothing in the record would suggest to defendant that he was free to elect whether to go or stay.[2] The court, therefore, correctly concluded, "as a matter of fact[,] that it was a valid order of the court."

Thus, confronted with an unambiguous command by the court, the evidence supports the further finding that defendant intentionally disobeyed the order. The record discloses that he appreciated the importance of his presence to the proceedings, was aware that his testimony was incomplete and recall to the

---

[2] Defendant's argument that the absence of a subpoena compromises the sanctity of the order is without merit. Persons "present in court may . . . be called upon to testify although . . . not . . . served with a subpoena," thereby becoming witnesses before the court and subject to attendant jurisdiction. Robertson, 181 Va. at 532, 25 S.E.2d at 357.

-

witness stand was eminent and that consequences would result if he absented himself from the courthouse.  Such circumstances provide ample support to the court's factual finding that defendant "understood what was going on" and "knew [he was] violating the court's order."

Accordingly, we find that the evidence supported the conviction and affirm the trial court.

<u>Affirmed.</u>

-