COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Duff[*]


GRACE C. RUTLEDGE

                                    MEMORANDUM OPINION[**]
v.    Record No. 0488-01-4              PER CURIAM
                                      JULY 31, 2001

E. PRESTON RUTLEDGE


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                     Paul F. Sheridan, Judge

        (Grace C. Rutledge, pro se, on briefs).

        (James Ray Cottrell; Christopher W.
        Schinstock; Gannon & Cottrell, P.C., on
        brief), for appellee.


     Grace C. Rutledge appeals the decision of the circuit court

holding her in contempt for failing to pay $65,000 for attorneys'

fees and costs to E. Preston Rutledge, her husband.  She contends

that the trial judge erred in finding her in contempt (1) for

failure to pay an award that was not based on child support, and

(2) without having first determined whether she had the ability to

make the payment.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit as to the

first issue and that a transcript or written statement of facts is

_____

        [*] Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

necessary for a determination of the second issue.  Accordingly, we summarily affirm the judgment of the trial court in part and dismiss in part.  See Rule 5A:27.

## Procedural Background

In a May 10, 2000 order, the trial judge ordered wife to pay husband $65,000 for attorneys' fees and costs incurred in a protracted dispute over the custody of their minor children.  On January 26, 2001, the trial judge found wife in contempt of court for failing to obey the order to pay.  He ordered her to appear in court in ninety days to either demonstrate she had purged herself of contempt or provide evidence why she should not be sentenced.

## Analysis

### I.

"Willful disobedience to any lawful . . . order of court is contempt and . . . punishable as such."  Board of Supervisors v. Bazile, 195 Va. 739, 745, 80 S.E.2d 566, 571 (1954).  "A trial court 'has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order.'"  Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (citation omitted).  The May 10, 2000 order contains the following specific direction to the wife: "[T]he Court orders that . . . [the wife] pay $65,000 to [the husband] in fees and costs."  This order "contain[s] a command or direction," as required by French v. Pobst, 203 Va. 704, 710,

-

127 S.E.2d 137, 141 (1962), and does not "merely [declare] the rights of the parties." Id. Thus, the trial judge had the discretionary power to hold the wife in contempt and did not abuse his discretion. See Wells v. Wells, 12 Va. App. 31, 36, 401 S.E.2d 891, 894 (1991).

## II.

The wife also asserts that the trial judge erred by not determining whether she had the ability to pay the judgment before holding her in contempt. A transcript or statement of facts is indispensable to a determination of this issue. Because neither was filed, we must dismiss the appeal as it pertains to this issue. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

Accordingly, we summarily affirm the judgment of the trial court in part and dismiss in part. See Rule 5A:27.

Affirmed, in part
and dismissed in part.

-