COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Agee and Senior Judge Overton
Argued at Alexandria, Virginia


LOUIS E. METCALF, JR.

v.   Record No. 1208-01-4

CLAIRE K. METCALF

MEMORANDUM OPINION* BY
JUDGE NELSON T. OVERTON
APRIL 2, 2002


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

Peter M. Fitzner (Matthews, Snider, Norton &
Fitzner, on brief), for appellant.

Stephen R. Pickard (Law Offices of Stephen R.
Pickard, on brief), for appellee.


Louis E. Metcalf, Jr. (husband) appeals a decision of the trial court finding him in contempt of court and requiring him to maintain Claire K. Metcalf (wife) as the primary beneficiary of "at least" $100,000 of his life insurance benefits.  We conclude that the trial court abused its discretion in finding husband in contempt and dismiss the case.

BACKGROUND

Husband and wife were divorced by decree entered on July 27, 1981.  The final decree affirmed, ratified and incorporated the parties' Property Settlement Agreement (PSA).  Paragraph 4(b) of the PSA provides:

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

> Life Insurance.  Husband shall continue to
> maintain Wife as the primary beneficiary of
> $100,000.00 of his existing life insurance
> for such time as husband is responsible to
> pay Wife the alimony or spousal support
> pursuant to the terms of paragraph "1,"
> above.

(Emphasis added.)

Paragraph 1 of the PSA provides that husband shall pay wife spousal support until the death of either party or until wife remarries.  Husband continues to pay wife spousal support pursuant to Paragraph 1 of the PSA.

At the time the parties entered into the PSA, husband had three life insurance policies.  These included individual life insurance policies, respectively, of $10,000 and $20,000 in original death benefits and a group term policy through his employer with a death benefit of $75,000.  This later policy increased in value to over $100,000 as husband's compensation increased.  When husband retired in 1990, the employer-provided policy ceased; however, he received another life insurance policy with a death benefit of $7,500 from his employer as part of his retirement benefits.  Husband designated his present spouse as the beneficiary of that policy.

In April 2001, the trial court issued a Rule to Show Cause, ordering husband to show cause why he was not in violation of Paragraph 4(b) of the PSA.  At the time of the April 5, 2001 hearing, husband had maintained wife as the primary beneficiary of only the $20,000 life insurance policy that he owned at the

-

time the parties signed the PSA which now carried a death benefit of about $34,800. Husband had allowed the $10,000 policy to lapse while he was still employed since the employer group term policy death benefit had increased to over $100,000.

The trial court initially ruled that "the use of the word existing" in Paragraph 4(b) is ambiguous. Husband argued the meaning of "existing" was clear and limited to the policies existing when the PSA was signed. As there was no ambiguity, husband argued the court had no basis to take parol evidence to define the meaning of § 4(b) of the PSA. The trial court disagreed and heard parol evidence from the parties concerning their intent at the time they entered into the PSA.

After hearing the parol evidence, the trial court stated that the term "existing maybe is ambiguous for me," but not for the parties. The trial court concluded, based on the parol evidence, that the intent of the parties in 1980 when they entered into the PSA was that husband did not have to obtain additional life insurance at that time, but "he had a continuing obligation to maintain at least $100,000" worth of insurance benefits for wife for as long as the spousal support remains due. However, the court found that husband had failed to fulfill this obligation. Therefore, the trial court found husband in contempt of court and ordered that husband name wife as the beneficiary of "at least" $100,000 worth of life insurance. The trial court also awarded wife attorney's fees.

-

ANALYSIS

Husband's initial argument in the trial court was that the agreement was not ambiguous and that "existing life insurance" were those policies "existing" when the agreement was signed. If husband is correct, the trial court's finding of contempt would be plainly wrong as no contempt would lie at this time under that reading. However, it is unnecessary for us to determine whether or not the agreement is ambiguous as found by the trial court for the disposition of this appeal.

Assuming, but specifically not deciding, the agreement is ambiguous, the subsequent finding of contempt and award of attorney's fees was erroneous.

"As a general rule, 'before a person may be held in contempt for violating a court order, the order must be in definite terms as to the duties thereby imposed upon him and the command must be expressed rather than implied.'" Winn v. Winn, 218 Va. 8, 10, 235 S.E.2d 307, 309 (1977) (citation omitted). "This is also the rule followed in Virginia." Id. "'The process for contempt lies for disobedience of what is decreed, not for what may be decreed.'" Id. (citation omitted).

While it may be that, when the parties entered into the PSA, they intended that husband would maintain wife as the beneficiary of $100,000 worth of his life insurance policies for the duration of his spousal support obligation, even if that required husband to acquire additional policies after the

-

parties signed the PSA, this was not expressed in definite terms in the agreement as incorporated into the divorce decree. "If the duty existed at all, it arose only by implication." Id. Because husband "did not violate a clearly defined duty imposed upon him by the [PSA] and the decree, his actions did not constitute contempt." Id. at 10-11, 235 S.E.2d at 309. Accordingly, we reverse the trial court's finding of contempt and its award of attorney's fees to wife. We remand this case to the trial court for the entry of such order or orders as may appear appropriate to the trial court to ensure that any counsel fees paid by husband under the order appealed from are returned to him. We dismiss this case from our docket.

Reversed and remanded.

-