# CIRCUIT COURT OF FAIRFAX COUNTY

Joann Kammerdeiner

    v.

Robert Kammerdeiner

February 1, 2008

Case No. CL-2007-9215

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before me on a Rule to Show Cause issued at the request of Joann Kammerdeiner against her former husband, Robert Kammerdeiner, for his alleged failure to maintain certain life insurance policies as required under the parties' Separation and Property Settlement Agreement. For the reasons that follow, I dismiss the Rule.

*Background Facts*

The Kammerdeiners were divorced by a final decree entered April 12, 1999. Their Separation and Property Settlement Agreement dated August 20, 1998 ("SPSA") was incorporated into the final decree. In pertinent part, the SPSA provides that:

> [t]he Parties each have life insurance policies as set forth in Exhibit B of this Agreement. . . . Each Party shall continue to maintain these existing policies and to name the other spouse as irrevocable beneficiary on all such existing policies until such time as the named beneficiary dies.

Exhibit B lists seven policies for Mr. Kammerdeiner and two policies for Ms. Kammerdeiner. Among the policies listed for Mr. Kammerdeiner are Continental Casualty with a face value of $1,000 and Lockheed Martin with a face value of $150,000. It is Mr. Kammerdeiner's actions with regard to these two policies that are at issue in this rule.

When the parties executed the SPSA, Mr. Kammerdeiner was employed by Lockheed Martin. The $150,000 life insurance policy was provided to him as a benefit of his employment. In 2003, Lockheed Martin closed Mr. Kammerdeiner's division because it had completed its then-existing contract. He was allowed to seek other employment within Lockheed Martin and did so. That new position lasted only two or three months before it, too, ended. He was again allowed to and did seek employment within Lockheed Martin, but found none. Instead, he found and took a job at SAIC.

Ms. Kammerdeiner stipulates that Mr. Kammerdeiner's actions in seeking substitute employment within Lockheed Martin and thereafter accepting employment at SAIC were reasonable decisions. The parties agree that Mr. Kammerdeiner's decision to leave Lockheed Martin was not the result of any misconduct on his part.

The Lockheed Martin life insurance policy was automatically cancelled when Mr. Kammerdeiner's employment ended, and its policy terms did not allow him to continue the coverage after he left. Mr. Kammerdeiner's new employer, SAIC, offers a comparable life insurance policy to its employees; Mr. Kammerdeiner elected to purchase it. Instead of listing Ms. Kammerdeiner as the beneficiary of the SAIC policy, however, Mr. Kammerdeiner listed his current wife.

At some time after the divorce but before Mr. Kammerdeiner left Lockheed Martin, he changed the beneficiary under the Lockheed Martin policy from Ms. Kammerdeiner to his current wife. Such a change clearly violated his obligations under the SPSA. But that change in no way caused the current unavailability of the Lockheed Martin policy or any loss suffered by Ms. Kammerdeiner.

The Continental Casualty policy was provided to the Kammerdeiners by a bank where they had a joint account during their marriage. The bank provided the policy as a benefit to its account holders. The account was closed in 1999 following their divorce. Mr. Kammerdeiner's counsel proffered that, when the account was closed, the insurance policy was automatically cancelled. Ms. Kammerdeiner's counsel proffered a letter from the bank that indicated that the policy was in effect until the last couple of years. Although the account was jointly held, the obligation under the SPSA to maintain the policy was placed on only Mr. Kammerdeiner, not on both parties.

*Analysis*

In Virginia, the standard of review on a rule to show cause is clear: "[b]efore a person may be held in contempt for violating a court order, the order must be in definite terms as to the duties thereby imposed on the person and the command must be expressed rather than implied." *Winn v. Winn*, 218 Va. 8, 10, 235 S.E.2d 307 (1977). Here, the parties' SPSA expressly imposed the duty of maintaining the Lockheed Martin policy on Mr. Kammerdeiner. However, it did not expressly impose a duty to maintain a comparable policy in the event that the Lockheed Martin policy was no longer available. Had the parties intended to require Mr. Kammerdeiner to obtain a substitute policy, they could have provided for such in the SPSA. They did not do so. Because "[t]he process for contempt lies for disobedience of what *is* decreed, not for what *may be* decreed," *Winn*, 218 Va. at 10, Ms. Kammerdeiner's rule to show cause against Mr. Kammerdeiner as to the Lockheed Martin policy is dismissed.

The analysis is slightly different with regard to the Continental Casualty policy. Ms. Kammerdeiner bears the burden of proof in relation to her rule to show cause. See e.g. *Alexander v. Alexander*, 12 Va. App. 691, 696, 406 S.E.2d 666 (1991). Although I received factual proffers from counsel at the hearing, important questions of fact remain unanswered with regard to the Continental Casualty policy. For example, I heard no facts as to whether Mr. Kammerdeiner could have retained the bank account in his sole name following the divorce, and, if so, whether the Continental Casualty policy could have continued to his benefit and would have still remained in place today. Accordingly, I find that Ms. Kammerdeiner's proof was insufficient and dismiss the rule to show cause as to the Continental Casualty policy as well.

For those reasons, Ms. Kammerdeiner's rule to show cause against Mr. Kammerdeiner is dismissed.