COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Powell and Senior Judge Clements


MOHAMMED AMIN SERDAH

                                                    MEMORANDUM OPINION[*]
v.       Record No. 1664-09-3                         PER CURIAM
                                                    FEBRUARY 23, 2010
JUDY WILLIAMS SERDAH


                FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                          James R. Swanson, Judge

          (Melvin L. Hill, on brief), for appellant.  Appellant submitting on
          brief.

          No brief for appellee.


        Mohammed Amin Serdah ("Serdah") sought an order from the trial court holding his former

spouse, Judy Williams Serdah ("Williams-Serdah"), in contempt for violating the terms of their

divorce decree with respect to telephone and physical visitation with the parties' son.  Following a

hearing, the trial court sustained Williams-Serdah's motion to strike.  Serdah appeals the trial

court's decision.[1]  We affirm.

        It is well established that "use of contempt powers is clearly subject to the discretion of the

trial court."  Sapp v. Commonwealth, 263 Va. 415, 425, 559 S.E.2d 645, 650 (2002).  "Willful

disobedience to any lawful . . . order of court is contempt and . . . punishable as such."  Board of

Supervisors v. Bazile, 195 Va. 739, 745, 80 S.E.2d 566, 571 (1954).  A trial court "has the authority

to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Pursuant to Code § 19.2-318, this Court has jurisdiction over judgments pertaining to
civil and criminal contempt.

order." Carswell v. Masterson, 224 Va. 329, 332, 295 S.E.2d 899, 901 (1982). Even where a court has found that a party to litigation has violated an order of the court and could be held in contempt, the trial court retains its discretion whether to enter the finding of contempt and impose sanctions. Wells v. Wells, 12 Va. App. 31, 36, 401 S.E.2d 891, 894 (1991); Code § 19.2-318.

"When dealing with discretionary decisions, only 'when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Robbins v. Robbins, 48 Va. App. 466, 482, 632 S.E.2d 615, 623 (2006) (citation omitted). "If the actions of the alleged contemnor do not violate a clearly defined duty imposed upon him or her by a court's decree, the alleged contemnor's actions do not constitute contempt." Wilson v. Collins, 27 Va. App. 411, 424, 499 S.E.2d 560, 566 (1998). "Thus, 'there must be an express command or prohibition' which has been violated in order for a proceeding in contempt to lie." Petrosinelli v. People for Ethical Treatment of Animals, 273 Va. 700, 707, 643 S.E.2d 151, 155 (2007) (quoting French v. Pobst, 203 Va. 704, 710, 127 S.E.2d 137, 141 (1962)).

Here, Serdah maintains that the trial court erred by concluding he failed to make out a prima facie case that Williams-Serdah willfully violated the court's visitation order. Serdah asserts that Williams-Serdah violated the order by failing to have their son available each evening by telephone, and by failing to make their son available for a weekend visit on January 9, 2009. He also contends she violated the order by scheduling a sport activity during Serdah's visitation.

In reviewing a trial court's contempt determination, we view the evidence in the light most favorable to the prevailing party. Glanz v. Mendelson, 34 Va. App. 141, 148, 538 S.E.2d 348, 351-52 (2000). The terms of the custody and visitation order provided that Serdah was entitled to

visitation with his son every other weekend, and from Christmas Day to New Year's Day.[2]  With respect to telephone contact, the order stated that Serdah was entitled to "reasonable telephone contact" with his son while he was in the custody of his mother.

Serdah testified that he generally spoke with his son by telephone on a daily basis, acknowledged he had had telephone contact with his son on "numerous occasions," and that a "reasonable explanation" could exist for the occasions on which his son was not available.  He also acknowledged that Williams-Serdah considered the weekend of January 2, 2009 her holiday visitation, and, for that reason, did not make their son available to Serdah the following weekend.  With respect to the baseball activity, Serdah testified he was willing to leave it up to his son as to whether he wanted to play, but objected only to Williams-Serdah scheduling the activity without first consulting him.  He also admitted that Williams-Serdah had not failed to bring their son to him during his scheduled visitation days due to his baseball activity.

Noting the parties' inability to "work with one another," the trial court concluded the evidence was insufficient to establish contemptuous conduct.  Viewing the evidence in the light most favorable to Williams-Serdah, we cannot say that the trial court abused its discretion.

Affirmed.

---

[2] The order states as follows with respect to the Christmas holidays:

> Ms. Serdah shall have the child with him from the day school lets out until 3:00 p.m. on Christmas Day, and Mr. Serdah shall have the child with her from 3:00 p.m. on Christmas Day to New Year's Day at 6:00 p.m.

The parties apparently understood these terms to grant visitation with Serdah from Christmas Day through New Year's Day, as Serdah testified he returned his son to Williams-Serdah on New Year's Day.