UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Malveaux and Senior Judge Annunziata
Argued at Alexandria, Virginia


JUAN A. ROSADO AVILES

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1780-17-4                      JUDGE ROSEMARIE ANNUNZIATA
                                                    JULY 3, 2018
KERRI E. LEWIS


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Stephen E. Sincavage, Judge


Warren R. Stein for appellant.

No brief or argument for appellee.


Juan Rosado Aviles, appellant (father), challenges the trial court's ruling that he was in

contempt for failing to notify Kerri Lewis, appellee (mother), of the date of their son's first

communion.  Father also contends that the court erred in denying his request for attorney's fees

and costs.  We hold that the trial court erred in finding father in contempt, but we affirm the

court's ruling denying father's request for attorney's fees and costs.

### Background

Father and mother were married in August 2007 and separated in January 2008.  The

final decree of divorce, entered in October 2009, gave them joint legal custody of their son (J.),

who was born in March 2008.  Mother, acting *pro se*, sought a rule to show cause against father

in May 2017 for allegedly failing to comply with five provisions in their divorce decree

concerning their son:  (1) father failed to consult with mother about J.'s first communion;

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(2) father withheld visitation during a one-hour break between two of his visitation periods; (3) father refused telephone contact between mother and J. on J.'s birthday; (4) father failed to provide mother with proof of health insurance for J.; and (5) father refused to attend court-ordered co-parenting counseling. At the show cause hearing on August 25, 2017, the court found father in contempt for not informing mother of the rescheduled date of J.'s first communion and dismissed the other allegations. The court stated that father could purge himself of the contempt by following the court order.

The divorce decree stated that the parents "will consult with each other before making any major decisions regarding the child's health, education, religion, or well-being." Father contends that the trial court misconstrued and expanded this language to require father not only to discuss decisions with mother, but also to give her the opportunity to participate. Father also argues that the court erred in treating a discretionary matter of scheduling as a "major decision."

Father is a practicing Catholic; mother is of another faith. However, mother knew that father was raising J. in the Catholic faith and had not objected to J.'s taking religious instruction classes to prepare for his first communion. J.'s class was scheduled to take their first communion as a group on Saturday, May 7, 2016. Because mother had custody of J. that weekend, father sent mother an email on April 13, 2016, telling her about the scheduled first communion and asking if J. could participate with his class. Father also told mother that if J. could not attend on May 7, he would take his first communion on his own the next time he went to church with father. Mother replied that she had plans for that weekend so J. would not be available, but she did not say that she objected to J.'s taking communion, nor did she ask to be informed of any alternative date. Mother knew that father went to church on Sundays. J. took his first communion on May 15, 2016. Mother learned he had done so on May 16, 2016, but she made no complaint for over a year until she sought the rule to show cause.

Mother testified at the show cause hearing that she had sent an email to father on May 10, 2016, asking when J. would be taking his first communion. Father testified that he had not received any such email, and his current wife testified that she had no knowledge of the alleged email. The trial court did not make a finding that mother in fact had sent the email, but stated that "even assuming" that father did not receive the email, he still had a duty to consult with mother about the new date.

Contempt

A court may use its contempt powers to enforce the terms of its orders. See Owney v. Owney, 8 Va. App. 255, 259, 379 S.E.2d 745, 748 (1989). Whether to do so in a particular case lies within the court's discretion. See Parish v. Spaulding, 26 Va. App. 566, 576, 496 S.E.2d 91, 96 (1998). The "exercise of a court's contempt power" is reviewed on appeal under an abuse of discretion standard. Petrosinelli v. People for the Ethical Treatment of Animals, Inc., 273 Va. 700, 706, 643 S.E.2d 151, 154 (2007). A court abuses its discretion if its decision is not supported under the law. See Lawlor v. Commonwealth, 285 Va. 187, 213, 738 S.E.2d 847, 861-62 (2013)).

The case law is well established that "before a person may be held in contempt for violating a court order, the order must be in definite terms as to the duties thereby imposed upon him and the command must be expressed rather than implied." Winn v. Winn, 218 Va. 8, 10, 235 S.E.2d 307, 309 (1977) (quoting Wood v. Goodson, 485 S.W. 2d 213, 217 (Ark. 1972)). "[T]he process for contempt lies for disobedience of what *is* decreed, not for what *may* be decreed." Id. (quoting Taliaferro v. Horde's Adm'r, 22 Va. (1 Rand.) 242, 247 (1822)). In Winn, the husband was ordered to continue providing an existing insurance policy for the wife's benefit or provide a policy with similar benefits. Id. at 9, 235 S.E.2d at 308. The husband maintained the original policy, but after the divorce was final, the insurance company denied the

wife's claim for benefits.  Id.  The Supreme Court held that although the parties may have intended that the husband would procure a new policy after the divorce if the wife's coverage under the existing policy ended, the husband's duty to do so was not expressly stated in the court's order.  Id. at 10, 235 S.E.2d at 309.  Because the duty "arose only by implication," the husband could not be found in contempt of the order.  Id. at 10-11, 235 S.E.2d at 309.  Similarly, in Wilson v. Collins, 27 Va. App. 411, 424-25, 499 S.E.2d 560, 566 (1998), this Court reversed the trial court's finding of contempt where the husband did not give the wife a copy of a life insurance policy.  The divorce decree required the husband to keep a policy in effect that the wife approved of, but because he could get her approval without sending her a copy of the policy, his duty to give her a copy was merely implied.  Id.  See also Michaels v. Commonwealth, 32 Va. App. 601, 609-10, 529 S.E.2d 822, 826 (2000) (holding that the evidence was insufficient to find an employee of a local jail in contempt for not transporting a prisoner for a mental health evaluation where the trial court's order continuing the case did not direct that jail employees were to transport the prisoner).

Here, the divorce decree provided that father would consult with mother regarding J.'s religion, which he had done by discussing with her that J. would enroll in classes to prepare for taking his first communion.  Father told mother a month in advance when J.'s first communion ceremony with his class would be held and that J. would take communion on his own the next time he went to church with father if he did not participate with his class.  Mother voiced no objection to J. taking communion, but said that he would not be available to do so with his class because she had custody of J. on that day and had other plans.  Father's duty to inform mother of the new date for J.'s first communion may have been implied under his duty to consult, but it was not stated expressly in the decree.  If the parties had intended that each parent give the other parent notice of the child's activities so that the parent could attend or participate, they could

have stated that clearly in the decree. Because father's duty to advise mother of the new date was implied, rather than expressly stated, the trial court abused its discretion in finding father in contempt.

## Attorney's Fees

Father contends that the trial court erred in denying his request for attorney's fees and costs, and he also requests that he be awarded fees and costs for his appeal.

"[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Allen v. Allen, 66 Va. App. 586, 601, 789 S.E.2d 787, 794-95 (2016) (quoting Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999)). Having considered the record in its entirety, we find that the trial court did not abuse its discretion in denying father's request for attorney's fees and costs.

Additionally, the decision to award attorney's fees and costs incurred on appeal is to be determined by the appellate court. See Rule 5A:30; O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). The Court's decision is not limited to whether a party prevailed on appeal, but considers whether the issue raised was "frivolous" and the equities of the case. See Wright v. Wright, 61 Va. App. 432, 470, 737 S.E.2d 519, 537-38 (2013) (quoting O'Loughlin, 23 Va. App. at 695, 479 S.E.2d at 100). Accordingly, having reviewed the record on appeal, we decline to award attorney's fees and costs to father.

Affirmed in part and reversed in part.